This case is to be distinguished from that of Sands v.Hughes (53 N.Y., 287). There the defendants began and kept up their possession for over twenty years, with a claim to the entire title. The conveyances under which they claimed were of the fee. Their claim denied the existence of any other title than theirs. Possession for such a time, under such a claim, was adverse, though the title was not rightful.
Here, however, the claim in its beginning, and ever since, admits that there is a rightful title in fee elsewhere than in the defendants, and that it is in the plaintiff, and admits that it is under that rightful title that possession was taken and is kept up. It is not a claim to the entire title, a claim to the fee. It is not a claim in utter hostility to the true title.
If there be a rightful title, it, prima facie, draws to it the right of immediate possession. It is for the occupant to show that under that title he has a right to possession, for his possession does not begin in hostility to that title, but in accord with it and in consequence of it.
What is the claim of the defendants? It is a claim for an unexpired term. They make that claim under a conveyance, and not otherwise. The conveyance they produce purports no more than to grant the remainder yet to come of an unexpired term. The defendants' claim is, then, that they are tenants for years. A tenant for years is possessed, not properly of the land, but of the term for years. (1 Cruise Digest, title 8, chap. 1, § 12, p., *259.)
It is true, that the lease under which they claim, is not from the owner. It is from the municipal government, *Page 50 
against the will of the owner. But one coming into an estate for life, by purchase at sheriff's sale, may not establish an adverse possession against the reversioner. (Burhans v. Van Zandt,7 N Y, 523.) Possession of land long enough continued, may ripen into a title. It must be accompanied by a claim of a title in fee. Possession alone, unexplained by collateral circumstances, evidences no more than that the occupation is rightful. But mere possession is as consistent with a right to occupy under a lease for years, or for life, as in fee. The quality and extent of the right, depends upon the claim which goes with it. To the extent of the claim, will the presumption of the law go in favor of the claimant, and no farther. If he asserts only a claim for years, and that is consistent with his possession, the law will not, upon the mere fact of his possession, adjudge him to be in, under a higher right or larger estate. (Ricard v. Williams, 7 Wheat., 59.)
So here, from the claim made by the defendants, the law adjudges their possession to be no greater than that of tenants for a term of years. But the possession of a tenant for life or for a term of years, is not adverse to, but is consistent with, the title of the reversioner in fee. (Grout v. Townsend, 2 Hill, 554; Roe v. Ferrars, 2 Bos. Pull., 542; Smith v.Burtis, 9 J.R., 174; and see Knapp v. Blodgett, MS. in this court, decided April, 1872.)
The defendants cite several cases in which they claim it has been adjudged, that possession begun under a lease will become adverse to the rightful title. I do not think that they go thus far. Jackson v. Vermilyea (6 Cow., 678), is one. The head-note is as broad as the claim of the defendants. The decision is not. The opinion uses the phrase adverse possession, but not in the sense of such an adverse possession as would prevail against the title of the landlord or his grantees, when the term created by the lease had ceased. Van Derzee v. VanDerzee (30 Barb., 331); Tyler v. Heidorn (46 id., 439), were cases of a claim in effect to the fee. It was a claim of possession under a perpetual lease *Page 51 
This, so far as the right of possession is concerned, is tantamount to a claim of a title in fee. (De Peyster v.Michael, 6 N.Y., 467.) Wilklow v. Lane (37 Barb., 244), contains expressions which coincide with the position of the defendants. They are not necessary to the decision. The court had already held that the action would not lie, inasmuch as the defendant's possession was only that of an easement. On the subject of adverse possession it held that it commenced five years before the lease was given; and that the enjoyment of easement was antecedent to, and independent of, the lease. It also held that there was no privity through the lease, between the plaintiff and the defendant. In fact, the lease was from a source hostile to the title of the plaintiff, and therefore possession if taken and claimed under it, was hostile to that title. In this is a radical difference. Moreover the authorities cited for the dictum do not afford it the least countenance. It follows that the possession of the defendants, however long it has been continued, of itself forms no defence to the action of the plaintiff. She has shown that she is the owner of the title. The defendants may defeat her present action by showing that their actual possession is based upon a title less than hers, rightfully carved out of hers. Upon the facts of this case no other defence can prevail upon the main issue. This they have not done, nor do they claim to be able to do it. The plaintiff is entitled to the immediate and exclusive possession of the premises.
The judgment below was not only that the plaintiff recover the possession of the premises, but a sum as damages for the withholding of the possession. The defendants claim that there is no evidence of any amount of loss, and that in such cases only nominal damages are allowed. (Sedg. on Dams., 47.) There is evidence that the value of the land was $3,500; of the house upon it $1,500; and of both $5,000 and upward; that the premises are in the city of Brooklyn. This action was begun in 1870 and was tried in 1871. The defendants, or their predecessors in possession, entered in 1846 and have kept possession *Page 52 
ever since. From these facts the learned justice might have inferred the amount of loss. We cannot, in opposition to his judgment, say that he did not. The facts were presented to the court in the stipulations of the parties, and must have been laid before it, in part at least, for the court to ascertain themesne profits, if it should reach that point in the case. It is apparent, however, from the facts of the case, that the defendants or those under whom they are in possession, entered upon the premises in good faith. They were then a vacant lot. The defendants or those under whom they held, have in good faith made improvements permanent and valuable upon the lot. The defendants claim that the value of these should be applied to the extinction of the damages. That this may be done is sustained by the authority which they have cited (Jackson v. Loomis, 4 Cow., 168), to the extent of the value of the permanent improvements. The difficulty in acceding to the claim of the defendants made here is, that we may not determine that the court below has not already estimated the mesne profits and applied in reduction thereof the value of the permanent improvements, and that the sum found as damages is the balance between the two. It seems from the note to the case last cited (p. 172, note a), that profits before the demise laid, should first be deducted from the value of the improvements.
The judgment appealed from should be affirmed, with costs.
All concur.
Judgment affirmed. *Page 53