See note in 2 Sil. Ct. of App. 291.

---

JOHN J. GARVEY, as Admistrator, etc., Appellant, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY *et al.*, Respondents.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Limitation. Accounting.*—An action against the personal representatives of a trustee for an accounting is limited to the period of six years.
2. *Same.*—An infant has an additional year in which to commence such action.
3. *Trustee. Accounting.*—In such action, the representatives of the deceased trustees should be allowed the amount of a mortgage on the trust premises paid by them, in ignorance of the trust.

Appeal from an interlocutory judgment directing an accounting.

*George C. Genet,* for appellant.

*Frederick P. Forster* and *R. E. Robinson,* for respondents.

DANIELS, J.—This action was brought by Joseph J.

Garvey, who died during its pendency, and his father as his administrator was substituted as plaintiff in his stead. James Garvey was the owner of the real estate from which the rents and profits to be included in the accounting were obtained. In 1860 he mortgaged the property to secure the payment of the sum of $4,000 and interest. In December, 1869, he conveyed the property to John Garvey. On the day following, John Garvey and James Garvey entered into an agreement and deed by which it was agreed that James Garvey " shall and will collect all rents from said described premises, and defray all necessary repairs, taxes and insurance that may accrue out of the said rents. And shall and will grant, release and convey forever to Joseph James Garvey, of Tompkinsville, Richmond county, and state of New York, a son of the aforesaid John Garvey, for the sum of one dollar, all the above described lot of land with the building erected thereon, and also all sums of money that may have been collected for rents or otherwise from the same after deducting the sum of three thousand five hundred dollars, without interest thereon, and also the expenses defrayed for all repairs, taxes and insurance from the day and year first above written until the time when the said Joseph James Garvey shall become at the age of twenty-one years, which will be on the twenty-eighth day of October, in the year eighteen hundred and eighty-one.

James Garvey, after the execution of this instrument, entered upon the performance of the trust in this manner declared, and he continued to collect the rents of the property to the 18th of October, 1877, when he died intestate. After his decease letters of administration were issued to his widow and Henry De Forest Weekes. She was removed by the surrogate and the letters, so far as they had been issued to her, revoked in December, 1878, and after that the other administrator continued in the sole administration of the estate of the intestate.

The beneficiary in the trust created by the agreement was,

at that time, an infant. He became twenty-one years of age on the 28th of October, 1881, but did not commence this action until the 20th of February, 1885. Neither this beneficiary nor any person in his behalf appears to have applied to the administrators for the proceeds or rents and profits of the trust until shortly prior to. the time of the commencement of the action. The trustee left an infant son who apparently inherited the property at the time of his decease, for the trust deed was not placed upon record or brought to the attention of himself or his guardian. The court, upon the facts, held that the accounting should be limited to the period of six years prior to the time of the commencement of the suit, and this limitation has been resisted as erroneous, on the part of the plaintiff in the action. And it does appear to be liable to that objection, for while § 468 of the Code of Civil Procedure has declared that a right of action on behalf of an infant shall not be deferred or delayed on account of his infancy, subd. 3 of § 396 of the same Code has further declared that a disability may extend the period for commencing an action for not more than one year after it shall cease. And this has been made to include the disability of infancy. The plaintiff by whom the action could be and was, in fact, commenced, became subject to this general limitation. By § 382 of this Code, an action has been required to be brought within six years upon a contract, obligation, or liability, express or implied, when it is not upon a judgment or sealed instrument. This was such an action, for it was brought for the recovery of such rents and profits only as were collected by the representatives from the estate after the decease of James Garvey, the trustee. The trust deed was executed under seal, but by its terms the trust was to cease when the beneficiary became of age, and the object of the action was to oblige the defendants to account for the rents and profits which they themselves had received from their use and enjoyment of the property. And when such an action may be brought, it has been re-

stricted to the period of six years.  Pierson *v.* McCurdy, 33
Hun, 520 ; affirmed 100 N. Y. 608 ; and Carr *v.* Thompson,
87 Id. 160.   But as the original plaintiff was an infant, by
the last subdivision of § 396 he had an additional one year
beyond the six in which to commence the suit.   That, in its
effect, gave him seven years before the statute of limitations
would apply to an action brought for the enforcement of his
rights.   If six years had elapsed after the attainment by him
of the age of twenty-one years, then he would have been
within the six years limitation ; but it did not, and the conse-
quence is that he was entitled to this additional year given
to him on account of his infancy, and included with the
period for which he was entitled to an accounting.   In this
respect the judgment should be corrected by extending the
time over which the accounting is to take place to the period
of seven years, instead of six, as that has now been declared
in it.   With this modification the judgment appears to have
been right on the subject of the accounting.

The personal representatives of James Garvey had no
knowledge or information of the existence of the trust deed,
but supposed, as that was the record title, the property to have
descended to his heir-at-law, and in its care and management
and for its protection and preservation, paid off the mortgage
which James Garvey had given upon the property in 1860.
This payment was made in 1878, amounting to the sum of
$4,256.66, and by the judgment which has been recovered
the defendants were held to be entitled to credit for this
payment against the amount of rents and profits for which
they would otherwise be accountable.   This payment, as the
facts were proven, was for the benefit of the estate, whether
it went to the beneficiary under the trust deed or to the
present plaintiff, who is his father and sole heir and next of
kin.

If this payment had not in this manner been allowed, then
the personal representatives of this estate would have been
entitled under the authorities to have had the mortgage re-

vived and enforced for the reimbursement of this money out of the property. Barnes *v.* Mott, 64 N. Y. 397; Bedell *v.* Shaw, 59 N. Y. 46; Clute *v.* Emmerich, 26 Hun, 10, aff'd 99 N. Y. 342. And no more than that advantage was in this manner provided for, or secured by the judgment. If the mortgage had been revived against the property in favor of the personal representative, the beneficiary in the trust and the present plaintiff, his father and heir, would have received it correspondingly reduced in value to this extent. Neither of them has or will suffer any other or greater loss by the judgment than that which would have resulted from the revival of the security itself. The payment of the mortgage was a just charge against the property, and as the personal representative of the estate paid it from the personal property of that estate, he was entitled to be reimbursed the amount paid from the rents and profits received from this land.

The moneys of the estate, so far as the plaintiff had become entitled to their appropriation, have been deposited with The New York Life Insurance and Trust Company, but that company has not been required fully and formally to account to the plaintiff, but no injustice will result from the direction contained in the judgment on this subject, for a statement of the accounts of the trust company is required to be made out and delivered in the action. That will furnish the plaintiff with all the information that is necessary in the progress of the case and in ascertaining the amount which he may be entitled to recover.

As the interlocutory judgment has been entered, it should be so far changed and modified as to extend the period of the accounting for seven, instead of six years, and as so modified it will afford full protection for all the rights of the plaintiff and the intestate, as they existed at the time of the commencement of the action, and, as modified, the judgment should be affirmed, without costs.

VAN BRUNT, P. J., and BRADY, J., concur.

NOTE ON "ACCOUNTING OF PERSONAL REPRESENTATIVE OF TRUSTEE."

As to when a proceeding to call to account the executor of a deceased executor is barred by the statute of limitations, see Matter of Hodgman, 56 Hun, 648.

The final settlement of the accounts of an executor of a deceased executor is authorized on the petition of the widow of the latter's executor. Matter of Fithian, 19 N. Y. St. Rep. 690.

In that case, he must account, not only for the funds received by his testator, but also for all assets received from his testator as the executor of the first testator. Id.

The surrogate has no power to compel an administrator of a deceased trustee, who was appointed by the supreme court, to account. Matter of Hazzard, 51 Hun, 201.