The Long Island Railroad Company, Appellant, *v.* Mary T. Mulry et al., Respondents.

*Eminent domain — railroads — rights of railroad company holding easement in land, under condemnation proceedings, as against owner of the fee.*

In the exercise of the power of eminent domain by or in behalf of a railroad company the permanent public use of the land is contemplated, and the use of the railroad company while the easement exists is exclusive of the owner of the fee. A claim to the rightful possession of land under such an easement is hostile to the fee owners and is the assertion of a title which adverse possession will render unassailable when the requisite period of time has elapsed. (*Scheer* v. *Long Island R. R. Co.*, 127 App. Div. 267, overruled.)

*Long Island R. R. Co.* v. *Mulry*, 149 App. Div. 924, reversed.

(Argued April 24, 1914; decided June 9, 1914.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 16, 1912, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Treadwell* and *Joseph F. Keany* for appellant. The testimony shows not only title by prescription in plaintiff, but also that plaintiff was in possession at the time of bringing suit and at the time of trial. (*Wiechers* v. *McCormick*, 122 App. Div. 860; *Doherty* v. *Matsell*, 119 N. Y. 646; *Roberts* v. *Baumgarten*, 110 N. Y. 380; *Pope* v. *Hanmer*, 74 N. Y. 240; *Arents* v. *L. I. R. R. Co.*, 156 N. Y. 1; *St. Vincent's Asylum* v. *City of Troy*, 76 N. Y. 108; *Heller* v. *Cohen*, 154 N. Y. 299; *Yates* v. *Van De Bogert*, 56 N. Y. 526; *Roby* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 176; *Wright* v. *Milwaukee R. Co.*, 95 Wis. 29; *Scarrett* v. *Kansas City R. Co.*, 148 Mo. 676.) A railroad title to its right of way acquired by condemnation is not an "easement" in the technical sense. By the express terms of the statute (Railroad Law of 1850, chap. 140, § 18) the owner is completely divested and no longer has any title. He (and his heirs, but not his grantees or assigns) has a possibility of reversion in case of final abandonment or final cessation of the life of the corporation or its successors, and upon re-entry therefor. But such a possibility of reverter is not title and is not devisable or assignable. It is not an estate or even an "interest" in land, and may be lost by mere waiver or estoppel. (*Nicoll* v. *N. Y. & Erie R. R. Co.*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 N. Y. 303; *Mitchell* v. *Einstein*, 105 App. Div. 413; *Duryee* v. *Mayor, etc.*, 96 N. Y. 477; *Upington* v. *Corrigan*, 151 N. Y. 143; *Berenbroick* v. *St. Luke's Hospital*, 23 App. Div. 339; Fowler on Real Prop. [2d ed.] 313; Gerard on Real Estate [5th ed.], 129, 130; *Post* v. *Bernheimer*, 31 Hun, 247; *Fowler* v. *Coats*. 201 N. Y. 257.)

*Charles H. Street, Leander B. Faber* and *Henry P. Keith* for respondents. Plaintiff has never acquired the

right of way which it claims, by user. (*Schaer* v. *Long Island R. R. Co.*, 127 App. Div. 267; *Bremer* v. *Manhattan, etc., R. R. Co.*, 191 N. Y. 333; *Hindley* v. *Manhattan, etc., R. R. Co.*, 185 N. Y. 335; *American Bank Note Co.* v. *New York Elev. R. R. Co.*, 129 N. Y. 252; *Pope* v. *Hanmer*, 74 N. Y. 240; *Voight* v. *Meyer*, 42 App. Div. 350; *Stein* v. *Lyon*, 91 App. Div. 593.)

Willard Bartlett, Ch. J.　This is an equity suit to enjoin continued trespasses upon the plaintiff's right of way. In the condemnation proceedings by which the premises in question were acquired, there was an omission to make all the owners parties; but judgment of condemnation was duly obtained against the owners of five-eighths of the undivided shares therein and the amounts awarded were paid to them and accepted by them. These condemnation proceedings were conducted by the Far Rockaway Branch Railroad Company, the plaintiff's predecessor in title. The final order of confirmation was entered on July 26, 1869, and the railroad company and its successors, claiming title under such order, have ever since 1869, according to the findings of the trial judge, been in possession of all the premises in question in this action. This long adverse possession, however, has been pronounced by the Appellate Division insufficient to establish the plaintiff's title, because, it is said, a railroad company acquires only a use or easement in condemnation proceedings, and nothing short of a claim of full title in fee will suffice to make title by adverse possession under section 369 of the Code of Civil Procedure; reference being made to the case of *Scheer* v. *Long Island R. R. Co.* (127 App. Div. 267) as authority for that proposition. In other words, it is asserted that a final order condemning real property for railroad purposes is not "the decree or judgment of a competent court" mentioned in section 369 of the Code of Civil Procedure as the basis of a title by adverse possession. On this ground the Appellate Divi-

sion has reversed the judgment in the plaintiff's favor and directed a new trial.

It is undoubtedly true that a claim of title when relied upon to establish ownership by adverse possession must be a claim in hostility to the true title, and accordingly it has been held that a claim under a lease for a term of years is insufficient (*Bedell* v. *Shaw*, 59 N. Y. 46) or a claim as mortgagee in possession or as the purchaser of a tax lease. (*Gross* v. *Welwood*, 90 N. Y. 638.) The claim of a railroad corporation, however, asserting title to lands as having been condemned under the General Railroad Law is essentially different. In the exercise of the power of eminent domain by or in behalf of a railway company the permanent public use of the land is contemplated. (*Miner* v. *N. Y. C. & H. R. R. R. Co.*, 123 N. Y. 242, 249.) A permanent easement in the land is thereby acquired for the uses and purposes of the railroad. "While it has been held in some cases that the owner of the fee, subject to the railroad easement, has some right to use the land taken, not inconsistent with the easement, the better view of the law, supported by the greater weight of authority, is that the use of the railroad company while the easement exists is exclusive of the owner of the fee." (*Roby* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 176, 180.) I think that a claim to the rightful possession of land under such an easement is clearly hostile to the fee owners by reason of this element of perpetuity, and is the assertion of a title which adverse possession will render unassailable when the requisite period of time has elapsed. The opinion to the contrary in *Scheer* v. *Long Island R. R. Co.* (127 App. Div. 267) was not adopted by this court when that case subsequently came here (200 N. Y. 558) and should not be adopted now. It seems to me squarely in conflict with what had previously been decided by the Court of Appeals in the *Miner Case* (*supra*), where the defense of adverse possession was based on a claim of title

acquired by condemnation, and Judge EARL said: "From 1850 to the commencement of this action, more than thirty years, this land was held and possessed under a claim of right, adversely, by the defendant and its predecessor in title. During the first twenty years of that time, *unless a perpetual easement for railroad purposes was originally taken,* the possession was wrongful and the owners of the fee could have re-entered or brought ejectment. That under such circumstances the action is barred by adverse possession is free from doubt." (p. 251.)

In reversing the judgment under review the Appellate Division left the findings of fact undisturbed. The reversal was solely on the ground that the legal conclusions of the learned judge who tried the issues at Special Term were in disregard of the doctrine of the *Scheer* case. Unquestionably they were; but if that doctrine is incorrect, as I think it is, no other reason sufficient to warrant a reversal being disclosed by the record, it follows that the appellant is entitled to the relief awarded to it by the trial court.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to the plaintiff in all courts.

WERNER, HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment accordingly.