■ SCHENECTADY CHEMICALS, INC., Respondent-Appellant, v. DE LUKE SAND & GRAVEL Co., INC., Appellant-Respondent, et al., Defendant.— HERLIHY, J. Appeal by the defendant-appellant De Luke Sand & Gravel Co., Inc. (hereinafter referred to as De Luke) from an order and judgment determining certain claims to real property in favor of the plaintiff Schenectady Chemicals, Inc. (hereinafter referred to as Schenectady) and cross appeal by the plaintiff from a prior order of the court denying its motion for summary judgment. The proceeding was instituted pursuant to article 15 of the Real Property Actions and Proceedings Law. Upon the trial De Luke conceded that the only issue for determination was whether or not the subject real property was acquired by its predecessor in title for the railroad purpose of a "freight depot". The Railroad Act was amended in 1854 to provide that any land acquired for passenger and freight depots, shall be held by the company [Railroad] in fee. (See L. 1854, ch. 282, § 17.) The original railroad condemnation proceedings instituted by the railroad, which property is here involved, did not indicate that the taking was for such purpose. De Luke contends on this appeal that the finding by the trial court that the parcel was not used for a freight depot is against the weight of the credible evidence. A review of the record indicates that there may have been a depot in the vicinity of the subject property, but the testimony of De Luke's witnesses was so indefinite and vague that at best there was created only an issue of fact and the finding by the court was not against the weight of evidence. The record sustains the finding that the railroad acquired a permanent easement in the property which was terminated when it sold the property for nonrailroad purposes and that the title and right to possession reverted to the original grantor and that Schenectady acquired title from the heirs. The railroad, never having acquired a fee, could not, therefore, convey such right and title to De Luke's predecessors in title. (*O & W Lines* v. *St. John*, 20 N Y 2d 17, 20; *Kip* v. *New York Cent. R. R. Co.*, 140 Misc. 62, affd. 236 App. Div. 654, affd.

260 N. Y. 692, cert. den. 290 U. S. 636.) We would note that *O & W Lines* v. *St. John* (26 A D 2d 145, affd. 20 N Y 2d 17) is not applicable to the present facts. In that case it was stipulated that a portion of the property in question was actually used for depot purposes. The foregoing decision renders the cross appeal of Schenectady academic and accordingly, we do not consider the merits. Orders and judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. [53 Misc 2d 383.]