■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HELINSKI et al., Appellants. [634 NYS2d 837] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered April 15, 1994 in Washington County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of title to an abandoned railroad bed traversing the property of defendants.

This litigation involves the ownership of seven parcels of real property located in the Town of Granville, Washington County, upon which lies an abandoned railroad bed. Defendants John Helinski and Stanley Helinski are the owners of record of the property adjoining parcels 1 and 2; John Helinski, individually, is the record owner of the property adjoining parcel 3. Defendant Royal Harrison is the record owner of the property adjoining parcels 4, 5, 6 and 7.

Plaintiff alleges that it has fee simple absolute title to the railroad bed as successor to the Delaware & Hudson Railway Company (hereinafter D & H Railway) through a deed executed December 27, 1990, while defendants each assert that they have fee simple absolute title to the parcels traversing or adjoining their respective properties.

D & H Railway formally abandoned the railroad line in April 1985. In December 1990 it conveyed the railroad bed to plaintiff. Plaintiff subsequently commenced this action against defendants in August 1991, alleging trespass and seeking to recover possession of the railroad bed. Plaintiff then moved for, *inter alia*, partial summary judgment as to ownership of the railroad bed and each defendant cross-moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendants' cross motions. Defendants appeal.

The order of Supreme Court granting plaintiff's motion for partial summary judgment on the issue of title to the abandoned railroad bed over the Helinski property should be modified. Plaintiff's motion for partial summary judgment should be denied, the cross motions of John Helinski and Stanley Helinski should be granted and the cross motion of Harrison denied. Questions of fact exist as to the fee simple title to the railroad bed adjoining the Harrison property that should be resolved by a trial.

In 1833, Elijah Downs acquired, by three deeds, the property owned by John Helinski and Stanley Helinski. Downs thereafter mortgaged the property to, *inter alia*, Mason Hulet and

William Broughton. Supreme Court erred in finding that plaintiff is the owner in fee simple absolute of parcel 1 based on an 1851 quitclaim deed from Nehemiah Hulet and Abigail Hulet (hereinafter collectively referred to as the Hulets) to the Troy & Rutland Railroad Company. The Hulets were mere mortgagees, not fee owners of the property. Plaintiff acknowledged that it never investigated whether the Hulets, who granted the quitclaim deed over 140 years ago, were vested with title to parcel 1 even though the quitclaim deed on its face only purported to convey a "conditional" interest, i.e., "title" founded on the mortgage given by Downs to Mason Hulet. The mortgage was thereafter satisfied. There is no deed transferring fee title to Downs' property to either the Hulets or to a railroad. The conveyance by the Hulets, who lacked a fee interest, did not convey any fee interest even though recitations purporting to do so appear in the deed (*see, Schenectady Chems. v De Luke Sand & Gravel Co.*, 29 AD2d 800; *Matter of City of New York*, 204 Misc 565, 573, *affd* 282 App Div 859, *affd* 307 NY 447).

Plaintiff does not assert that it has a deed conveying fee title to parcels 2 or 3. As to parcel 3, plaintiff claims that it is entitled to a presumption of lost grant. As to parcel 2, plaintiff contends that an 1851 record of payment by the Troy & Rutland Railroad to Broughton was likely the result of a condemnation proceeding under legislation passed in 1848 and 1849 authorizing the formation of railroad corporations to acquire property through condemnation and to build and operate railroads on the acquired property (*see,* L 1849, ch 329; L 1848, ch 140). An 1850 deed from the Troy & Rutland Railroad to the Rutland & Washington Railroad Company recites that such condemnation proceedings occurred. Moreover, the 1851 quitclaim deed from the Hulets to the Troy & Rutland Railroad and an 1857 deed from Downs to Broughton, excepting the portion of the property occupied by the railroad and conveying "reversions remainder", make reference to condemnation proceedings by the railroad. Plaintiff claims that fee title was acquired by the railroad as a result of the condemnation proceedings.

As to parcel 3, Supreme Court erroneously determined that plaintiff is entitled to a presumption of lost grant based on a finding that a deed conveying fee simple absolute title to plaintiff's predecessors is missing. The doctrine of presumption of a lost grant is a basis for claims of adverse possession and prescriptive rights (*see,* 4 Warren's Weed, New York Real Property, Presumptions, § 1.07 [4th ed]). However, the presumption

operates where there is proof of adverse possession and the circumstances indicate a possibility of a grant (*see*, 4 Warren's Weed, New York Real Property, Presumptions, § 1.07 [4th ed]). Here, plaintiff is not entitled to rely on the presumption as to parcel 3 because John Helinski and Stanley Helinski have negated the presumption by establishing that the acquisition by plaintiff's predecessors of the railroad bed traversing their property was by way of condemnation proceedings. Plaintiff has not shown by clear and convincing evidence that any such deed to its predecessors ever existed and was properly executed (*see*, *La Capria v Bonazza*, 153 AD2d 551). Thus, plaintiff did not acquire fee simple title to parcel 3 via a presumption of lost grant.

Further, as the railroad acquired only an easement in the railroad bed by condemnation proceedings authorized by statute, its use of the property in conformity with the easement could not ripen into fee title by way of adverse possession (*see*, *Matter of City of New York*, 307 NY 447, 455, *supra*; *Sackett v O'Brien*, 27 AD2d 979, *affd* 23 NY2d 883). Plaintiff's citation to *Long Is. R. R. Co. v Mulry* (212 NY 108) and *Corning v Lehigh Val. R. R. Co.* (14 AD2d 156) to support its position is misplaced.

The record establishes that the railroad bed traversing the Helinski property, including parcel 2, was acquired by the railroad through condemnation pursuant to legislation passed prior to 1850. As a result, the railroads could only acquire a permanent easement in the property, not title in fee (*see*, *O & W Lines v St. John*, 20 NY2d 17, 20-21; *Hudson & Manhattan R. R. Co. v Wendel*, 193 NY 166, 178-179; *Roby v New York Cent. & Hudson Riv. R. R. Co.*, 142 NY 176, 180). The easement so acquired terminates if the railroad abandons use of the property for railroad purposes or sells the property for nonrailroad purposes (*see*, *Erie Lackawanna Ry. Co. v State of New York*, 38 AD2d 463, 464; *Crouch v State of New York*, 218 App Div 356, 362). Upon termination of the easement, the original owners or their successors are entitled to take possession of the property (*see*, *Erie Lackawanna Ry. Co. v State of New York*, *supra*; *Crouch v State of New York*, *supra*). Accordingly, upon D & H Railway's abandonment of the railroad line for railroad purposes, the permanent easement acquired through condemnation proceedings under the 1848 and 1849 legislation was extinguished; John Helinski and Stanley Helinski became entitled to possess the railroad bed as the remote grantees of Downs and Broughton. The easement would also have been extinguished no later than 1990 by D & H Railway's conveyance of the line to plaintiff for a nonrailroad purpose.

Additionally, the activities of John Helinski and Stanley Helinski from the spring of 1980 through 1990 were sufficient to establish that they possessed the railroad bed adjoining their property openly, notoriously, exclusively, continuously, hostilely and under a claim of right for a period of 10 years (*see, Village of Castleton-on-Hudson v Keller*, 208 AD2d 1006, 1008; *see also, Harrison v New York Cent. R. R. Co.*, 255 App Div 183, 188, *affd* 281 NY 653). Moreover, they also established that the property was protected by "substantial inclosure" (RPAPL 522 [2]) for the required period.

Supreme Court erroneously granted partial summary judgment to plaintiff against Harrison concerning parcels 6 and 7 by virtue of an 1860 deed from David Allen to the Trustees of the Rutland & Washington Railroad Bonds. In the absence of proof that the Trustees are actually within plaintiff's chain of title, a question of fact exists whether the Trustees were the successors to the Troy & Rutland Railroad or predecessors to D & H Railway. This aspect of the chain of title cannot be ascertained from the record. We hold that the motion for partial summary judgment is not the proper vehicle to resolve the factual issue (*see, Saguid v Kingston Hosp.*, 213 AD2d 770, 772).

As to parcels 4 and 5 adjoining the Harrison property, Supreme Court improperly found that they were owned by plaintiff in fee simple absolute based on a presumption of a lost grant or adverse possession. As we have previously stated in relation to the Helinski property, plaintiff cannot rely on a presumption of a lost grant or adverse possession for the property which became the Troy & Rutland Railroad line. Harrison has shown that he is the remote grantee of William Kalb and Eli Stilson, former owners of parcels 4 and 5, and that there were no deeds in those chains of title conveying the parcels to a railroad. However, Harrison's assertion that, based on the lack of a deed, the railroad must have acquired the parcels through condemnation proceedings is unsupported. Moreover, the question of whether Harrison has acquired title to parcels 4 and 5 through adverse possession must be resolved at trial, not on the instant motion for summary judgment, since he failed to establish that he has acquired title by adverse possession. The activities of Harrison's predecessor on the property, as detailed in the motion papers, are not sufficient to establish the elements of adverse possession for the required 10-year period.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs to

defendants Stanley Helinski and John Helinski against plaintiff, by reversing so much thereof as granted plaintiff's motion and denied the cross motions of defendants Stanley Helinski and John Helinski; motion denied and cross motions of said defendants granted; and, as so modified, affirmed.