■ NANCY CORNICK, Appellant, v FOREVER WILD DEVELOPMENT CORPORATION, Defendant, and RODNEY ESTES, Respondent. [659 NYS2d 914] —Spain, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered April 9, 1996 in Essex County, which granted defendant Rodney Estes' motion to dismiss the complaint against him.

In April 1990 plaintiff, seeking damages for common-law trespass and for a violation of RPAPL 861, commenced the instant action alleging that defendant Rodney Estes wrongfully entered upon a parcel of land owned by plaintiff and negligently cut, trimmed and despoiled trees thereon without her consent or permission. Plaintiff claimed ownership of the 25.4-acre parcel in question based upon a 1988 deed; at all times relevant herein, the property adjacent to the parcel in question was owned by defendant Forever Wild Development Corporation which had contracted with Estes for the removal of timber from its property. After several years of discovery, Estes moved for a judgment dismissing the complaint claiming that plaintiff did not own the 25.4-acre parcel and was therefore not entitled to bring suit in connection with any injury to that parcel. Supreme Court dismissed the complaint against Estes, concluding that Estes had sufficiently established that plaintiff did not own the parcel and that plaintiff failed to demonstrate her entitlement to further discovery or otherwise create a factual issue as to whether she owned the property. Plaintiff appeals.

We affirm. It is well established that the remedy created by RPAPL 861 extends only to the actual owner of the property allegedly harmed; the possession of or the right to possess the property is insufficient (*see, London v Courduff*, 141 AD2d 803,

*appeal dismissed* 73 NY2d 809; *Meadow Point Props. v Mazzaferro & Sons*, 219 NYS2d 908). Moreover, contrary to plaintiff's assertion, a trial court is permitted to determine property ownership issues as a matter of law based upon documentary evidence and its construction of deed language (*see, e.g., Tomosky v City of Bradford,*, 198 AD2d 729; *City of New York v Hunts Point Auto Wreckers*, 180 AD2d 603; *Berman v Golden*, 131 AD2d 416). Here, Estes produced extensive, detailed documentary evidence demonstrating that lot No. 120 of a large tract of land in the Town of Jay, Essex County, known as the Jay Tract, was specifically excepted out of plaintiff's chain of title long before plaintiff purportedly acquired the 25.4-acre parcel which is contained within lot No. 120. The deeds Estes produced established plaintiff's chain of title as follows: the 25.4-acre parcel in question was conveyed to plaintiff in 1988 by James Smith; Smith received the parcel in 1986 from Marion Smith, who obtained the parcel from Essex County. The County allegedly took title to the parcel as the result of a 1982 tax sale from the parcel's reputed owner, the Hammond Group, Inc. However, deeds contained within Hammond's chain of title show that Hammond never owned lot No. 120 of the Jay Tract. Thus, since Hammond had no interest in lot No. 120 to convey, Essex County obtained no interest in the parcel in question as a result of the tax sale (*see, People v Helinski*, 222 AD2d 788; *Casaburi v Dow*, 100 AD2d 693). As the original grantor in plaintiff's chain of title did not own the parcel, all subsequent grantees in Essex County's chain of title, including plaintiff, obtained no interest in that land despite deed provisions to the contrary (*see, People v Helinski, supra*). Accordingly, Estes' proof sufficiently established his entitlement to dismissal as a matter of law; in opposition, plaintiff's unsubstantiated allegations and predictions of trial testimony were insufficient to create a question of fact to defeat Estes' motion (*see, Zuckerman v City of New York*, 49 NY2d 557).

We also conclude that Supreme Court properly dismissed that part of plaintiff's claim grounded in trespass. A trespass action may only be maintained by one entitled to possess that property; ownership alone is insufficient (*see, Stay v Horvath*, 177 AD2d 897, 900; *Meadow Point Props. v Mazzaferro & Sons*, 219 NYS2d 908, *supra*). Therefore, the failure to specifically plead and prove the right to possession is fatal to a trespass claim (*see, Meadow Point Props. v Mazzaferro & Sons, supra*, at 909). Here, as the complaint did not allege that plaintiff had the right to possess the parcel, and since the record is devoid of any evidence of such a right, Supreme Court properly dismissed the trespass claim (*see, Stay v Horvath, supra*).

Notably, plaintiff does not challenge Supreme Court's apparent decision to treat Estes' motion, which did not identify the precise CPLR provision under which dismissal was sought, as one for summary judgment pursuant to CPLR 3212. In any event, in light of the extensive extrinsic documentation produced in support of the motion, there can be little question that Estes was "deliberately charting a summary judgment course" (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320; *accord, Mihlovan v Grozavu*, 72 NY2d 506, 508; *Deborah Intl. Beauty v Quality King Distribs.*, 175 AD2d 791, 792-793), and the court's treatment of the motion as such was proper.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.