■ WINNIFRED LOBDELL, Appellant, v JAMES R. SMITH, JR., Doing Business as JAMES SMITH LOGGING COMPANY, Respondent. [690 NYS2d 171] —Crew III, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered January 15, 1998 in Clinton County, upon a decision of the court in favor of defendant.

This appeal concerns a dispute as to the ownership of an undeveloped parcel of land located in the Town of Schuyler Falls, Clinton County. The chain of title to the property in question may be traced to Henry Lobdell who, upon his death in 1868, bequeathed 80 acres from the north end of his "home farm" to Louisa Arnold, with said 80 acres to be taken from what was described as lot Nos. 15 and 18. The entire 80 acres ultimately was devised to Josiah Lobdell in 1889, who thereafter divided the property into an easterly and westerly portion. The easterly portion of the property, comprising some 35 acres, eventually was conveyed to defendant, while the westerly portion thereof (hereinafter the disputed parcel) ultimately was devised to plaintiff.

In July 1992, defendant entered the disputed parcel and began cutting and removing timber therefrom. The area from which defendant removed timber fell entirely within lot No. 15 and defendant, at the time that he commenced logging operations, apparently believed that he was removing timber from his own land. Upon being advised by plaintiff's sons that

plaintiff was claiming ownership of the area in question, defendant ceased logging operations.

Plaintiff thereafter commenced this action against defendant alleging, *inter alia*, that defendant had trespassed upon her land. A nonjury trial ensued, at which the parties and their respective surveyors, among others, appeared and testified. Following the close of proof, Supreme Court concluded that plaintiff had failed to prove either ownership or possession of the disputed parcel and dismissed plaintiff's complaint, prompting this appeal.

We affirm. Initially, we reject plaintiff's contention that Supreme Court erred in failing to apply the doctrine of presumption of a lost grant, which "operates where there is proof of adverse possession and the circumstances indicate a possibility of a grant" (*People v Helinski*, 222 AD2d 788, 790; *see*, 4 Warren's Weed, New York Real Property, Presumptions, § 1.07 [4th ed]). Acquisition of title to real property by adverse possession, in turn, "requires the possessor to establish that the character of the possession is 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' * * * for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159, quoting *Brand v Prince*, 35 NY2d 634, 636). This plaintiff failed to do.

Although we acknowledge that " 'wild and undeveloped land that is not readily susceptible to habitation, cultivation or improvement does not require the same quality of possession as residential or arable land, since the usual acts of ownership are impossible or unreasonable' " (*Ray v Beacon Hudson Mtn. Corp.*, *supra*, at 160, quoting 7 Powell, Real Property, Adverse Possession, ¶ 1012 [2]), we nonetheless conclude that plaintiff did not establish, by clear and convincing evidence (*see*, *Ray v Beacon Hudson Mtn. Corp.*, *supra*, at 159) that her possession of the disputed parcel was, *inter alia*, continuous. Following the death of plaintiff's husband and predecessor in title in 1969, plaintiff and her sons admittedly seldom visited the parcel except to occasionally pick berries or hunt small game. Although one of plaintiff's sons did cut some timber from the disputed parcel in 1986, it appears that the land went largely unused after that date. Such sporadic use, even considering the underlying nature of the parcel, falls far short of establishing a continuity of possession.

Nor are we persuaded that plaintiff demonstrated that she owned the disputed parcel. In this regard, although the respective title abstractors were able to locate an 1830 deed from Martin Winchel to Henry Lobdell for nine acres of land in lot

No. 18, which deed, in turn, made reference to Lobdell owning an additional 12 acres to the south of said parcel (also in lot No. 18), the parties do not dispute that there is no record of any conveyance or devise to Lobdell for the portion of the disputed parcel from which defendant removed timber (lot No. 15). Defendant's title abstractor opined, and Supreme Court found, that the absence of any deed to Lobdell for lot No. 15 evidencing a fee interest in such lot constituted a fatal defect in plaintiff's chain of title and precluded plaintiff's claim to ownership of the disputed parcel (*see, Cornick v Forever Wild Dev. Corp.*, 240 AD2d 980 [as original owner in the plaintiff's chain of title did not own parcel, all subsequent grantees in land obtained no interest therein despite deed provisions to the contrary]; *People v Helinski*, 222 AD2d 788, *supra* [same]).

Even accepting, as plaintiff appears to urge, that the absence of a deed to Lobdell for lot No. 15 is not dispositive, we nonetheless are unable to say that Supreme Court erred in finding that plaintiff had failed to establish ownership of the disputed parcel. The language set forth in Lobdell's will provides as follows: "I give and bequeath to Louisa Arnold, the wife of Stuckeley Arnold, Eighty acres of my home farm, so called, being a part of Lots number fifteen and eighteen. Said Eighty acres of land to be taken off from the north end of said farm and taken from said Lots. No. 15 & 18." In this regard, plaintiff's surveyor testified that although he was able to determine where portions of the aforementioned farm were located, the precise extent of it could not be determined. Additionally, while both plaintiff's surveyor and title abstractor testified that Lobdell owned 80 acres of land somewhere within lot Nos. 15 and 18, each acknowledged that there was no corresponding metes and bounds description and conceded that the Winchel deed, which conveyed nine acres in lot No. 18 to Lobdell, made no reference to Lobdell as an adjoining landowner in lot No. 15. Similarly, although plaintiff's surveyor testified that he located certain field evidence, consisting of old stone walls, barbed wire fences, iron pipes and an old beech tree, that enabled him to plot the location of lot No. 15, he admitted that there was no reference to such monuments in any of the relevant deeds. Thus, even disregarding the testimony offered by defendant's witnesses, we cannot say that plaintiff's proof was so compelling as to warrant setting aside Supreme Court's finding that she failed to establish ownership of the disputed parcel.

The remaining arguments raised by plaintiff do not warrant extended discussion. Having failed to establish ownership of the disputed parcel, plaintiff's claim pursuant to RPAPL 861

must fail (see, Cornick v Forever Wild Dev. Corp., 240 AD2d 980, supra ["remedy created by RPAPL 861 extends only to the actual owner of the property allegedly harmed"]). To the extent that plaintiff alternatively contends that she pleaded and proved possession of the disputed parcel, thereby entitling her to maintain a claim for trespass, we cannot agree. The only right to "possession" alleged in plaintiff's complaint was premised upon her alleged ownership of the disputed parcel and, in any event, the record makes clear, as noted previously, that there were long periods of time when the property went essentially unused. Accordingly, Supreme Court properly dismissed plaintiff's complaint in its entirety.

Mikoll, J. P., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.