RAILROAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff, *v.* SOPHIE WOLCHYK, Defendant.

First Department, June 22, 1937.

*Floyd M. Grant* of counsel [*Crandall, Grant & Williams,* attorneys], for the plaintiff.

*John P. Gavan* of counsel [*Lester A. Kent,* attorney], for the defendant.

DORE, J. This submitted controversy requires determination of the question whether plaintiff has a good and marketable title to premises No. 1963 Hobart avenue, Bronx.

On June 13, 1934, plaintiff's predecessor, The Railroad Co-Operative Building and Loan Association, as mortgagee, commenced an action in the Supreme Court, Bronx county, to foreclose an $18,000 mortgage on the said premises made July 14, 1927, by the then owners. At the foreclosure sale on December 31, 1934, said mortgagee bought in the premises and received a referee's deed.

On March 4, 1937, plaintiff contracted with defendant to sell the property and deliver a deed free of all liens except restrictive covenants, agreements and restrictions of record. On the closing date plaintiff tendered the deed and defendant rejected title as unmarketable on the following two objections which had been excepted by the title company in its report of examination of title:

(1) That Lisa Germer Otto should have been named and sued individually as a defendant in the foreclosure action on the ground that a certain trust deed made by Lisa Germer Otto to Lisa Germer Otto and Charles H. Kelman, trustees, dated June 29, 1932, and recorded in Bronx county register's office is not a valid trust deed, defendant contending that it did not divest the grantor of her title for the reason that said trust attempted to be created was void under section 96 of the Real Property Law; and

(2) That the rights of Rudolph Germer, an infant, were not properly cut off and barred in said foreclosure on the ground that the order of the Supreme Court, Bronx county, dated July 30, 1934, appointing a guardian *ad litem* failed to comply with section 206 of the Civil Practice Act in that it did not contain special directions as to the service of the notice of application for appointment of the guardian *ad litem.*

At his death on February 22, 1931, Richard W. Germer was the owner of the premises in question. His will was probated in Bronx county on March 18, 1931, and letters testamentary were issued March 20, 1931, to the named sole executor, Charles H. Kelman. Testator's sole distributees were his infant son, Rudolph Germer, born August 16, 1923, and his widow who

had been adjudged an incompetent and committed on June 15, 1925, to the State Hospital for the Insane at Central Islip, where she still is confined.

In his will Richard W. Germer provided:

" I hereby nominate and appoint my dear friend Dorothy Carniol as Trustee of all my assets and effects, under this my will.

" I hereby give, and devise and bequeath unto my dear son Rudolph Germer, aged 7 years, all the rest, residue and remainder of my property, real or personal, of whatever kind or nature and wherever situated, of which I may die seized or possessed, or to which I may be entitled to at the time of my decease; and I hereby nominate and appoint my dear friend Dorothy Carniol, as Trustee of my entire estate, real or personal, and my entire effects, said estate and effects to be used in Trust for my beloved son, Rudolph Germer, for his welfare, education, support, maintenance, etc."

Dorothy Carniol, named in said will as general guardian of the infant Rudolph Germer, never made application for appointment as such nor did she ever qualify as testamentary trustee.

On May 5, 1931, after due application, the Surrogate's Court of Broome county appointed Lisa Germer Otto, sister of Richard W. Germer, deceased, and aunt of said infant Rudolph Germer, general guardian of the person and property of said infant.

By deed dated April 6, 1932, Dorothy Carniol conveyed the premises in question to Lisa Germer Otto subject to the mortgage of $18,000 which, as hereinabove stated, was subsequently foreclosed. Thereafter, and by deed dated June 20, 1932, Lisa Germer Otto conveyed said premises to " Lisa Germer Otto and Charles H. Kelman as Trustees," which deed was duly recorded in Bronx county register's office. The *habendum* clause in said deed, defining the terms of the trust, provided: " To have and to hold the premises herein granted unto the parties of the second part, their successors forever, as trustees in trust for the Estate of Richard W. Germer, deceased, for the following uses and purposes: to hold, manage, rent or lease the above described premises and to collect, take and receive the rents, issues and profits thereof and to pay all taxes, assessments, water rates, interest on mortgages, insurance, commissions and necessary charges for repairs to above described premises, and for the protection and maintenance and improvement of above described premises, with power to mortgage the same and to execute all papers necessary to either renew existing mortgages or to effect new mortgages thereon and with power to grant, sell, transfer, release and convey in fee simple at public or private sale the above described premises upon such terms and conditions as

they may see fit whenever said trustees deem it necessary for the best interests of said estate. Upon the sale of the above mentioned premises this trust is to terminate."

On July 30, 1934, by order of Supreme Court, Bronx county, in said foreclosure action, Lisa Germer Otto was appointed guardian *ad litem* of said infant Rudolph Germer. In her application made pursuant to section 206 of the Civil Practice Act Lisa Germer Otto stated she was general guardian of said infant, named as a party defendant in the foreclosure suit; that the infant had not been served with the summons and complaint and was a non-resident, residing, since July 8, 1931, with his uncle in Leipsig, Germany. The order of July 30, 1934, provided: " Ordered, that Lisa Germer Otto, be and she hereby is appointed guardian *ad litem* for said infant defendant, Rudolph Germer, and is hereby authorized and directed to appear and defend on his behalf in this action, as such guardian *ad litem*."

Thereafter the infant was served with the summons and complaint in said foreclosure suit by delivery to and leaving copies of same with said Lisa Germer Otto, the infant's general guardian, who through her attorney served and filed an answer on behalf of said infant submitting the rights and interests of said infant to the protection of the court.

In the summons, complaint and the *lis pendens* filed in the fore-closure suit the following, among others, are named as parties defendants: Lisa Germer Otto and Charles H. Kelman, as trustees; Dorothy Carniol, as trustee under the last·will and testament of Richard W. Germer, deceased, and as testamentary general guardian of Rudolph Germer, an infant; Rudolph Germer; Charles H. Kelman, as executor of the last will and testament of Richard W. Germer, deceased, and Lisa Germer Otto, as guardian of the person and property of Rudolph Germer, an infant.

We consider that the grantor of the trust deed of June 20, 1932, manifested an intention to and effectively did transfer title to the named grantees " as trustees in trust for the Estate of Richard W. Germer." The trustees obtained title solely in their fiduciary and not in their individual capacities. This trust deed runs not merely to the named trustees but also to their successors. The trustees were to hold, manage, rent or lease the said real estate and finally sell " upon such terms and conditions as they may see fit whenever said trustees deem it necessary for the best interests of the said estate."

Properly construed with the will of Richard W. Germer, deceased, this trust deed in effect created a trust in the real estate to collect rents, pay the taxes, etc., and to sell for the benefit of the infant

Rudolph Germer, and under all the circumstances here presented comes, in our opinion, within the provisions of section 96 of the Real Property Law which permits the creation of an express trust " To sell, mortgage or lease property for the benefit of annuitants or other legatees." (Real Prop. Law, § 96, subd. 2.)

If title be considered as having vested in the named trustees, the trustees were parties to the foreclosure. But if title be regarded as having passed through the trustees to the beneficiary, whether the beneficiary be deemed the executor of the will of Richard W. Germer, deceased, or the infant Rudolph Germer, the sole beneficiary under said will, both were parties defendant to the foreclosure action and accordingly judgment of foreclosure is an effectual bar against any claim on their behalf.

There is no merit to defendant's contention that there was not proper compliance with the provisions of section 206 of the Civil Practice Act. The statute, read with section 204 of the Civil Practice Act, does not command but merely permits service of notice for application of appointment of a guardian *ad litem* upon the infant if he is under fourteen years of age, the purpose being to enable the infant or some one interested in him to procure a guardian to be appointed. In this case the general guardian, who under Civil Practice Act, section 204, was the person entitled to notice, had also been appointed guardian *ad litem*. Where, as here, the applicant is the duly appointed general guardian of the person and property of the infant, " special directions " for the service of the notice are clearly superfluous and unnecessary.

Accordingly, judgment should be directed in favor of the plaintiff, without costs.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff, without costs. Settle order on notice.