■ WALDO J. TOMOSKY et al., Appellants, v CITY OF BRADFORD, MCKEAN COUNTY, PENNSYLVANIA, Respondent. [604 NYS2d 617] —Per Curiam. Appeal from an order of the Supreme Court (Ingraham, J.), entered March 30, 1992 in Chenango County, which, inter alia, denied plaintiffs' motion for summary judgment.

In 1991, plaintiffs contracted to sell their 94-acre tract of land in the Town of Greene, Chenango County. During the title search, it was discovered that the property was encumbered by reserved oil, gas and mineral rights created in 1931 in favor of "Jack B. Cleaves, Trustee for City of Bradford, McKean County, Pennsylvania". Believing that this rendered title to the property unmarketable, the prospective purchasers informed plaintiffs that the rights would have to be extinguished in order to close title. Plaintiffs approached defendant, City of Bradford (hereinafter the City), about voluntarily relinquishing its rights; when the City declined to do so, plaintiffs commenced the instant action to quiet title. Following joinder of issue but prior to the completion of any discov-

ery, plaintiffs moved for summary judgment. Supreme Court denied the motion and, after searching the record, awarded summary judgment to the City. Plaintiffs appeal.

Plaintiffs' principal argument is that the wording of the deed reserving the mineral rights was ineffective to vest legal title in the City. We disagree. While property conveyed to one whose name is followed simply by some title or name of office (i.e., Smith, County Treasurer) generally is found to vest title in the grantee individually and not in his or her official capacity (see, Pfeiffer v Rheinfrank, 2 App Div 574, 575-576; see generally, 43 NY Jur 2d, Deeds, § 32, at 217), the rule is subject to exception in cases where it can be inferred from something in the deed language that the grantee is to take title in a representative capacity (see, Werner v Wheeler, 142 App Div 358, 363). Use of the word "as" preceding recitation of the grantee's title or capacity has been held to trigger applicability of this exception, for it effectively precludes any inference that title was intended to be taken other than in a representative capacity (supra). Here, while the deed by which title to the tract originally was acquired, which described the grantee as "Jack B. Cleaves, Trustee of the City of Bradford", could be said to raise a question as to whether the words following his name were intended to be representative or merely descriptive, any question in this regard is effectively laid to rest by an examination of the next deed in the chain of title. In that deed, which created the reserved mineral rights, the grantor is described as "Jack B. Cleaves, *as* Trustee for the City of Bradford" (emphasis supplied), leaving no doubt but that Cleaves took and conveyed title in his representative capacity on behalf of the City.

Plaintiffs' remaining arguments require little discussion. Inasmuch as, under Pennsylvania law, third-class cities such as the City can hold title to realty (Pa Stat Annot, tit 53, § 37402 [2]), there is no merit to their claim that the City lacks the capacity to hold the reserved interest. Nor have plaintiffs satisfied their burden of proving that the City abandoned its rights as a matter of law. The only basis for this argument is plaintiffs' unsupported assertion that the City did not exercise its rights during the period of their ownership, and this, standing alone, is insufficient to establish a prima facie claim of abandonment (see, e.g., Gerbig v Zumpano, 7 NY2d 327, 331; Miller v Rau, 193 AD2d 868, 869-870). Finally, the fact that the City's predecessor in title gave a 20-year lease of oil and gas rights on the property does not preclude vesting of the City's interest as a matter of law. Rather, the

City's interest, perpetual as it was, was simply subject to the prior lease.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.