■ WILLIAM D. TABOR, Appellant, v MARY JANE T. BRISTOL et al., Respondents. [654 NYS2d 75] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and judgment granted in accordance with the following Memorandum: Supreme Court erred in holding that the consent of Mary Jane Tabor Bristol (defendant) was required for revocation of two trusts. Plaintiff, settlor of the trusts and sole owner of the trust properties, reserved to himself the right to revoke the trusts (*see,* 106 NY Jur 2d, Trusts, § 537, at 580). The designation of defendant in each of the declarations of trust as a joint owner of the properties and as the second set-

tlor was clearly an error because defendant possessed no legal or equitable interest in the properties. The quitclaim deeds, which conveyed plaintiff's interest in the properties to plaintiff and defendant as trustees under the terms of the declarations of trust, conveyed to defendant only a fiduciary interest in the properties (*see, Tomosky v City of Bradford,* 198 AD2d 729, 730; *Railroad Fed. Sav. & Loan Assn. v Wolchyk,* 251 App Div 568, 571). Consequently, plaintiff is entitled to a declaration that he is the sole owner of the two parcels of real property referred to by the parties as the "Fisk Place" and the "Lake Property". (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.