Matter of Hanlon (2019 NY Slip Op 01410)





Matter of Hanlon


2019 NY Slip Op 01410


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-10416

[*1]In the Matter of Grace Hanlon, deceased. Merlene Dinnal, petitioner-appellant-respondent; Judith Planty, et al., respondents-respondents- appellants, David Sewell, respondent-respondent. (File No. 134/12)


McGlashan Law Firm, P.C., New York, NY (Patrick McGlashan of counsel), for petitioner-appellant-respondent.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Claire Steinman of counsel), for respondents-respondents-appellants Judith Planty and Roman Catholic Church of SS. Simon and Jude.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Andrew Rhys Davies of counsel), respondent-respondent-appellant pro se.
Gallet Dreyer & Berkey, LLP, New York, NY (Jerry A. Weiss and David N. Milner of counsel), for respondent-respondent.



DECISION & ORDER
In a probate proceeding in which Merlene Dinnal petitioned pursuant to SCPA 2102 to compel the turnover of certain real property to her, the petitioner appeals, Judith Planty and the Roman Catholic Church of SS. Simon and Jude cross-appeal, and the Attorney General of the State of New York separately cross-appeals, from an order of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated July 14, 2016. The order, insofar as appealed from, denied the petitioner's motion, inter alia, for summary judgment on the petition. The order, insofar as cross-appealed from, denied the cross motion of the Attorney General of the State of New York for summary judgment declaring that the title to the subject real property is held by a trust and should be disposed of according to the terms of the trust.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
This proceeding involves the contested ownership of certain real property in Brooklyn (hereinafter the subject property) that was formerly owned by the decedent. In September 1997, the decedent created a living trust (hereinafter the trust) and, in 1998, she deeded ownership of the subject property to the trust. The trust instrument provides that, upon the decedent's death, the trust corpus and undistributed income are to go to various individuals and charities, including the Roman Catholic Church of SS. Simon and Jude (hereinafter the Church). Among other things, the trust instrument includes two paragraphs delineating the power of the trustee of the trust that are relevant to the parties' dispute: one authorizes the trustee to distribute the corpus and any undistributed [*2]income of the trust according to, inter alia, "specific instructions" contained within the decedent's last will and testament; the other requires a "specific reference" to the trust instrument in order to revoke any payments to be made to a remainderman beneficiary or to alter the named remaindermen beneficiaries.
In 2011, the decedent executed her last will and testament, which specifically provided for the subject property to go to the petitioner, but it made no reference to the trust. After the decedent's death in 2011, the petitioner asserted, inter alia, that the decedent had bequeathed the subject property to her in the will. The beneficiaries of the trust contended that the subject property belonged to the trust and should be distributed to them. The petitioner filed a petition pursuant to SCPA 2102 to compel the turnover of the subject property to her, and she subsequently moved, inter alia, for summary judgment on the petition. The Attorney General of the State of New York, as the representative of charitable beneficiaries of the trust, cross-moved for summary judgment declaring that the title to the subject property is held by the trust and should be disposed of according to the terms of the trust. The Church and the successor trustee, Judith Planty, supported the Attorney General's cross motion. In the order appealed and cross-appealed from, the Surrogate's Court denied the motion and the cross motion.
Contrary to the petitioner's contention, the subject property was property owned by the trust as of the date of the decedent's death, as the decedent had successfully deeded it to the trust (see Matter of Brown, 252 NY 366, 375; Tomosky v City of Bradford, McKean County, Pa., 198 AD2d 729, 730), and the decedent's will did not revoke the trust (see EPTL 7-1.16).
In construing a trust, the court must look within the four corners of the trust instrument to glean the grantor's intent (see Matter of Piel, 10 NY3d 163, 166). The trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself (see Matter of Chase Manhattan Bank, 6 NY3d 456, 460). If, however, the terms of the trust are ambiguous, the court may consider extrinsic evidence to determine the decedent's intent (see Matter of Piel, 10 NY3d at 166).
We agree with the Surrogate's Court's determination that the language governing the trust is ambiguous, as one paragraph requires the decedent to make a "specific reference" to the trust in her will to exercise a general testamentary power of appointment and another paragraph requires only "specific instructions" to exercise a general testamentary power of appointment. Accordingly, extrinsic evidence is necessary to determine the decedent's intent and whether the bequest in her will, which did not contain a specific reference to the trust, was sufficient under the terms of the trust to change the beneficiaries specified in the trust to include the petitioner.
Thus, we agree with the determination of the Surrogate's Court denying the motion and cross motion for summary judgment.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court