Let findings be prepared.

---

GREEN et al. v. HORN.

(Supreme Court, Appellate Division, Third Department. December 9, 1910.)

1. BOUNDARIES (§ 33*)—DESCRIPTION—CONSTRUCTION—PRESUMPTION—BURDEN OF PROOF.

Where the land sued for was described in a deed as lying between a plank road and a certain lot, it could not be presumed that any change had been made in the location of the road since the execution of the deed; but the burden was on plaintiff to prove such change, if any, in order to deprive the call for the road of its effect as a monument.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 147, 150; Dec. Dig. § 33.*]

2. BOUNDARIES (§ 3*)—DESCRIPTION—CONSTRUCTION—COURSES AND DISTANCES —MONUMENTS.

A deed described the granted premises as a portion of "lot 20, Garrison Ground," and as bounded by a line beginning with the southeast corner of a certain mill lot and running thence a specified course and distance to the east line of D. street, and by specified courses and distances to the plank road; thence in the same direction as the west line of the plank road for a specified distance. Held, that the deed should be construed to convey a strip of land west of the plank road, not part of said lot 20, but embraced in lines extending to the road, notwithstanding such construction ignored the words "being a portion of lot 20, Garrison Ground," under the rule that course and distance must yield to monuments on the premises either natural or artificial, and the presumption that all grants

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are made with reference to an actual view of the premises in accordance with the condition thereof at the time.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 6, 12; Dec. Dig. § 3.*]

Cochrane, J., dissenting.

Appeal from Trial Term, Warren County.

Action by James Green and others against Charles F. W. Horn. From a judgment awarding plaintiffs possession of one of the parcels of land sued for, and an order denying defendant's motion for new trial on the minutes, he appeals. Reversed.

See, also, 124 App. Div. 916, 108 N. Y. Supp. 1134.

Argued before SMITH, P. J., and COCHRANE, KELLOGG, SEWELL, and HOUGHTON, JJ.

Chas. M. Parsons, for appellant.

J. A. Kellogg, for respondents.

SEWELL, J. We do not deem it necessary to enter upon a recital of the facts. So far as material they may be found by consulting the case as reported in 128 App. Div. 686, 112 N. Y. Supp. 993. In our opinion the judgment should be reversed for the error of the court in submitting to the jury the question whether the deed from Eliza McGillis to Elizabeth G. Horn, dated December 24, 1881, included the land in dispute. This deed describes the granted premises as being a portion of lot 20, Garrison Ground, and as bounded by a line beginning at the southeast corner of the steam mill lot and "running thence west of north five (5) chains, thirteen (13) links to the east line of Dieskau street; thence south three (3) degrees west along the street five (5) chains twenty-five (25) links; thence north eighty-six (86) degrees east four (4) chains twenty-five links to the plank road; thence north twenty-eight (28) degrees thirty (30) minutes east two (2) chains fifty (50) links."

It will be observed that the point thus established as the commencement of the survey or boundary of the lands purported to be conveyed by this deed is the "southeast corner of steam mill lot," and that the inquiry is as to the extent of this grant, whether it includes a strip of land west of the plank road and between it and the east line of lot 20, of which the land in dispute is a part. For the purpose of locating this corner, the defendant introduced the deed of the steam mill lot, executed by Eliza McGillis and her husband to Emma Nichols February 20, 1877. The starting point of that description is "at a point in the west line of the Lake George and Glens Falls Plank Road, being north sixty-one (61) degrees thirty-one minutes west from the center of a culvert under said plank road," and then the deed continues:

"Running thence north sixty-one (61) degrees and thirty (30) minutes west one hundred and fifty (150) feet to a point that would be intersected by a continuation of the east line of the alley lying parallel with and west of Canada street in the village of Caldwell. Then south twenty-eight (28) degrees and thirty (30) minutes west one hundred and fifty (150) feet. Then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

south sixty-one (61) degrees and thirty (30) minutes east one hundred and fifty (150) feet to the west line of the aforesaid plank road. Then north twenty-eight (28) degrees, thirty (30) minutes east along the west line of the said plank road one hundred and fifty (150) feet to the place of beginning."

It should also be noted that the termination of the third line in this description is "the southeast corner of the steam mill lot," the starting point of the first course given in the deed in question, and that it is in the "west line of the plank road"; that the termination of the third line in the Horn deed is also definitely fixed and determined by the description, and is in the west line of the plank road, and the proof was that the final or closing line of the description includes the land west of the plank road. The surveyor testified that "it would stop out in the middle or towards the middle of the traveled portion of the plank road."

It is true that the particular location of the west line of the plank road was not established by the proof offered, but that was not necessary, for it clearly appeared, from the conceded facts, that it is east of the easterly line of lot 20. The complaint alleged, and the defendant by his answer admitted, that the land in dispute is bounded easterly by the east line of lot 20 and westerly by the plank road. The description in the deed under which the plaintiffs claim is of a piece or strip of land lying between the plank road and the easterly line of lot 20, and the judgment entered is for the possession of the same. We think it is no answer to the defendant's contention, that the deed in question purports to convey the land to the plank road as now located, that the road may not be as it was originally laid out or used. We cannot presume that a change has been made since the execution of the Horn deed. If there has been, it was for the plaintiff to prove it. That was not done or attempted. Of the 10 witnesses, sworn by the plaintiff, who had known the road for a period of 20 years or more, not one testified to any change in the boundary lines. On the contrary, one of them, Clinton Weaver, testified that "there has been no change in the location of the plank road." Taking into consideration the entire description, we think the intention to convey a strip of land west of the plank road, and embraced in the lines extending to it, is clearly and unequivocally expressed. No other construction can be placed upon the description that will give effect to the instrument or by which a practical location of the grant can be made, and we have the additional fact that the defendant and his grantor, who bought by this identical description, have possessed or occupied the premises to the plank road ever since the deed in question was given.

It is true that this construction ignores the words in the description "being a portion of lot 20, Garrison Ground," and that they would be entitled to some weight in construing the conveyance if the other parts of the description did not indicate with certainty that the parties intended the grant to extend to the west line of the plank road. But it is well settled that that which is most certain must control, and what is less certain must yield; that course and distance must yield to monuments upon the premises either natural or artificial; and that it is presumed that all grants are made with reference to an actual view of the premises by the parties thereto as to its state and condi-

tion at the time. Wendell v. People, 8 Wend. 183, 22 Am. Dec. 635; Yates v. Van De Bogert, 56 N. Y. 526; Higinbotham et al. v. Stoddard, 72 N. Y. 94; People ex rel. Burnham v. Jones, 112 N. Y. 597, 20 N. E. 577. It was said in Robinson v. Kime, 70 N. Y. 154, that a conveyance is to be construed in reference to its visible locative calls, as marked or appearing upon the land, in preference to quantity, course or distance, and any particular may be rejected if inconsistent with other parts of the description and sufficient remains to locate the land intended to be conveyed. Applying these rules to this case, it is apparent that if the north and south lines reach the plank road, as has already been demonstrated, the statement as to the number of the lot, as well as the courses and distances, being less material and less certain, must yield to the plank road which is fixed and certain.

We are therefore of the opinion that the learned trial court not only erred in refusing to nonsuit the plaintiffs upon the ground that he could not hold, as a matter of law, that this deed covered the land in dispute, but in permitting the jury to speculate and surmise with respect to that question. There can be but little, if any, doubt that these errors gave the case to the plaintiffs.

If, however, we assume that the language employed is not free from ambiguity, so that the interpretation to be given to the language is a mixed question of law and fact, the verdict is clearly against the weight of evidence.

It follows from what has been said that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except COCHRANE, J., dissenting, and SMITH, P. J., not voting.