■ JUDITH SCHRADE, Respondent, v CRDN PROPERTIES, INC., Appellant. [757 NYS2d 137] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered August 8, 2002 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

The current appeal involves a dispute about boundaries and ownership of property located in the City of Saratoga Springs, Saratoga County. Defendant owns property that it uses as a parking lot for patrons of the Saratoga Race Course. The property borders plaintiff's house and lot on her north, east and south sides, and both parties' parcels abut Nelson Avenue on the west. In 2001, defendant installed a fence on what it claimed to be plaintiff's north, east and south boundaries. Plaintiff, however, believed that the fence on the east side, located at the rear of her house, cut across approximately 20 feet of her lot in an area she had maintained, landscaped and otherwise used for many years.

All the relevant property had been purchased in 1945 by William Schrade and the portion of the property upon which plaintiff now resides was first carved out of the larger parcel in a deed from William Schrade to John Schrade and Nancy Schrade that was recorded in December 1959. By deed dated November 18, 1993, following a series of transfers (most of which used the same description as the 1959 deed), plaintiff,[1] who has lived at the premises since the late 1970s, became the sole owner. In July 1993, defendant purchased the 2.16-acre parcel that borders plaintiff's lot on three sides from the Schrade family trust (hereinafter trust). The trust had been created in 1987 by Florence Schrade, who was the surviving spouse of William Schrade.

After defendant erected the fence that fueled this dispute, plaintiff ostensibly discovered that a 50-foot-wide strip of land stretching from the rear of her parcel easterly to the next street had not been included in the deed from the trust to defendant. Upon being informed of the discrepancy, defendant obtained quitclaim deeds to the 50-foot-wide strip from the five children of William Schrade and Florence Schrade. Plaintiff, however, asserted that she had an ownership interest in the strip since the trust had not transferred the property, the trust had since terminated and she had a remainder interest in the trust's

---

1. Plaintiff was formerly married to John Schrade Jr., and received the house and lot as part of their divorce.

assets. In March 2002, plaintiff commenced this action asserting that defendant's fence encroached approximately 20 feet onto her easterly boundary and also challenging defendant's ownership of the 50-foot strip. Defendant served an answer and, within approximately two weeks, moved for summary judgment dismissing the complaint. Plaintiff moved for, inter alia, injunctive relief. The motions were denied and defendant appeals.

We turn first to defendant's contention that the language of the deed establishes as a matter of law that the depth of plaintiff's lot is 75 feet and not 95 feet as claimed by plaintiff. If the intent of the parties can be discerned from the deed, then it must be construed and enforced without resort to extrinsic evidence (*see Wilshire Credit Corp. v Ghostlaw*, 300 AD2d 971, 972 [2002]; *see also* Real Property Law § 240 [3]). Where, however, the language is susceptible to more than one reasonable interpretation, summary judgment based solely upon the language of the deed is not appropriate (*see Shawangunk Conservancy v Fink*, 261 AD2d 692, 694 [1999]; *Schweitzer v Heppner*, 212 AD2d 835, 838 [1995]; *cf. Aubuchon Realty Co. v Fidelity Natl. Tit. Ins. Co. of N.Y.*, 295 AD2d 725, 728-729 [2002]). Here, the deed contains two paragraphs purporting to describe the property. The first such paragraph uses a measurement from "the intersection of the northerly line of Wright Street with the easterly line of Nelson Avenue" as a starting point and, as relevant herein, measures the depth of the property as approximately 95 feet from the easterly line of Nelson Avenue. The second paragraph, on the other hand, purports to convey the Schrade residence and "a plot of ground around said residence, 10' from the foundation on the south, east, and north, and Nelson Avenue on the west." Ten feet from the foundation on the east side results in a parcel depth of approximately 75 feet, which is 20 feet shorter than described in the first paragraph.[2] Although defendant asserts that the second paragraph controls because its measurements are calculated from an artificial monument (i.e., the foundation of the residence), the first paragraph uses measurement from roads, which are generally entitled to equal weight as artificial

---

2. We also note that the descriptions in the two paragraphs result in boundaries on the north and south that are not identical. Indeed, the description in the first paragraph puts the southerly line closer than 10 feet to the side of the house and, thus, plaintiff argues that the second paragraph was designed to establish minimum footage from the house in the event that the first paragraph failed to establish such minimum distances. It is not necessary in the context of this appeal for us to make any comment regarding the merits of such argument.

monuments (see *Green v Horn*, 142 App Div 90, 93 [1910]; see also 1 NY Jur 2d, Adjoining Landowners § 117). We find the language of the deed sufficiently ambiguous to preclude, at this early juncture, summary judgment based solely upon such language.[3]

The record similarly does not support summary judgment regarding the 50-foot strip. While there is strong evidence in the record indicating that a scrivener's error may be implicated, defendant has not yet pursued such theory. Instead, defendant relied upon the quitclaim deeds from the children of William Schrade and Florence Schrade and the executor of Florence Schrade's estate. There is, however, evidence which, construed mostly favorably to plaintiff, reflects that at the time of the death of William Schrade in 1986, Florence Schrade became the owner of the subject property as the surviving tenant by the entirety and transferred various property, including all her real property, into the trust in 1987. The trust ostensibly owned but did not transfer the disputed 50-foot strip and, significantly, plaintiff had a remainder interest in the now terminated trust. Thus, obtaining quitclaim deeds from the children of William Schrade and Florence Schrade and Florence Schrade's executor did not necessarily extinguish plaintiff's claim as a matter of law (see generally 106 NY Jur 2d, Trusts §§ 561-563).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** Although defendant submitted two surveys reflecting the description from the second paragraph, there is evidence in the record of a third survey by the same surveyor that predated the first two and that reference to the description from the first paragraph. Significantly, this third survey may have been used in a September 1, 1984 deed from William Schrade and Florence Schrade to plaintiff and others to prepare a description of the subject Schrade residence which would support defendant's contention that the property had a depth of 74 feet from the east line of Nelson Avenue. However, no affidavit from the surveyor was included with the motions.