IRVING BAUER, Appellant, v CS-GRACES, LLC, et al., Respondents, et al., Defendants. [852 NYS2d 416]—

Lahtinen, J. Appeal from an order of the Supreme Court (Sackett, J.), entered August 1, 2006 in Sullivan County, which denied plaintiff's motion for summary judgment.

Plaintiff brought a RPAPL article 15 action seeking to have two mortgages—one held by defendant Tso Family Partnership

and one held by defendant CS-Graces, LLC—on real property in the Town of Monticello, Sullivan County declared invalid as to his 60% interest in the property. In February 1998, attorney David Jaroslawicz, acting as an agent for unidentified principals (who were later identified as plaintiff and his partner Matthew Fischer), entered into an agreement with defendant Martin Cohen which included an option to purchase a 60% interest in property owned by Cohen. Cohen was represented in the preparation of the option agreement by attorney Alfred Gerstman. Plaintiff and Fischer allegedly exercised the option by the payment of money as provided in the agreement in May 1998. Thereafter, in January 1999 and again in February 1999, Jaroslawicz sent letters to Cohen and Gerstman confirming that the option had been exercised. Cohen disputed the validity of the exercise of the option and the parties agreed to arbitrate before a rabbinical tribunal. Cohen was represented by new counsel before that tribunal, which determined in April 2000 (and upon appeal in June 2000) that the option had been properly exercised. Plaintiff obtained an order from Supreme Court confirming the award in July 2002 and an order in April 2003 directing the sheriff of Sullivan County to execute a deed reflecting plaintiff's 60% ownership interest. The sheriff's deed was ostensibly the first document that plaintiff recorded regarding his 60% ownership interest.

During the time that Cohen was challenging the validity of the option, he executed mortgages on the entire property to Tso Family Partnership in May 2000 and to CS-Graces in December 2001. Both of these entities are controlled by Joseph Tso (an attorney), who had retained Gerstman to represent him and his entities in the mortgage transactions. Cohen executed a document purporting to waive any conflict of interest regarding Gerstman's representation of Tso. Gerstman, as Tso's attorney, sent a letter to Cohen in April 2000 setting forth various conditions that Tso required before lending funds to Cohen, including "[c]onfirmation from the prior 'proposed partner' that . . . their option to acquire the 60% interest in the agency and the real property has not been exercised and has expired." Cohen produced a letter allegedly signed by plaintiff (which plaintiff contends is a forged document) stating that the option was never exercised. Thereafter, the mortgages were executed. Plaintiff commenced this action in January 2003 against Tso Family Partnership and CS-Graces (hereinafter collectively referred to

as defendants) as well as Cohen.[1] Plaintiff moved for summary judgment. Supreme Court denied the motion for summary judgment and plaintiff's subsequent motion for renewal. Plaintiff appeals.

There is no dispute that defendants obtained their interest in the property after plaintiff, but recorded it first. Accordingly, defendants' interest is entitled to priority so long as they are good faith purchasers for value (*see* Real Property Law §§ 291, 294; *Foster v Piasecki*, 259 AD2d 804, 805-806 [1999]). Plaintiff argues that the proof established that defendants had notice of his interest and, therefore, they are not good faith purchasers. "Where there are conflicting claims between a prior unrecorded [interest in real property] and a subsequent purchaser [of an interest in the property], if the [subsequent] purchaser 'has knowledge of any fact, sufficient to put him [or her] on inquiry as to the existence of some right or title in conflict with that he [or she] is about to purchase, he [or she] is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his [or her] claim, to be considered as a *bona fide* purchaser' " (*Miles v De Sapio*, 96 AD2d 970, 970 [1983], quoting *Williamson v Brown*, 15 NY 354, 362 [1857]; *see* 487 *Elmwood v Hassett*, 83 AD2d 409, 412 [1981]). "This presumption, however, is a mere inference of fact, and may be repelled by proof that the purchaser failed to discover the prior right, notwithstanding the exercise of proper diligence on his [or her] part" (*Williamson v Brown*, 15 NY at 362).

Here, the proof in the record establishes that defendants had notice of the prior option agreement. Indeed, defendants' attorney (Gerstman) sent a letter to Cohen in April 2000 specifically inquiring about the status of the prior option for a 60% interest in the property. Moreover, Gerstman's knowledge of the pertinent facts regarding the purported exercise of the option (which occurred no later than January 1999) is imputed to defendants. The law is well settled that, unless obtained confidentially, " 'knowledge acquired by an agent acting within the scope of his [or her] agency is imputed to his [or her] principal and the latter is bound by such knowledge' " (*Skiff-Murray v Murray*, 17 AD3d 807, 809-810 [2005], quoting *Center v Hampton Affiliates*, 66 NY2d 782, 784 [1985]; *see Farr v Newman*, 14 NY2d 183, 187 [1964]). Gerstman's carefully crafted affidavit claims that he had confidential communications with Cohen "[d]uring the course of [Gerstman's] review of the

---

1. Cohen, who was convicted in federal court of soliciting someone to maim or kill plaintiff, did not serve an answer.

proposed [1998] option," but that he "did not become further involved in connection with same." The record establishes that Gerstman received Jaroslawicz's certified letters of January 1999 and February 1999, which clearly established that plaintiff had exercised the option. There is no showing of confidentiality covering Gerstman's receipt of those letters and, accordingly, Gerstman's knowledge that the option had been exercised is imputed to defendants. In light of such proof, defendants are presumed to have acted inadequately in their inquiry, requiring them to produce proof of proper diligence to rebut the presumption and raise a triable issue.

Defendants contend that they exercised such diligence by conducting a title search and obtaining from Cohen the letter (albeit allegedly fraudulent) that Cohen claimed was from plaintiff and stated the option was not exercised. Since we are dealing with an area of law that carves out an exception to the recording statutes and defendants had knowledge of the prior transaction, the title search is not sufficient by itself to raise a factual issue as to defendants' diligence. The letter which Cohen produced purported to be from plaintiff to Cohen in May 2000 and stated that plaintiff and Fischer had "chosen not to exercise [their] option." While relying on a letter could under some circumstances raise a factual issue as to proper diligence, it does not under the facts in this record. It directly contradicted the two letters (dated January 14, 1999 and February 2, 1999) that Gerstman had received via certified mail from Jaroslawicz unequivocally stating the option had been exercised.[2] At a minimum, Gerstman should have sought clarification from Jaroslawicz. In fact, there is no indication that Gerstman even was aware that plaintiff was one of the unidentified principals represented by Jaroslawicz, who was the only individual with whom Gerstman had dealt directly regarding the option. Under these circumstances, to accept an unverified photocopy of a fax from a person other than the one with whom he had dealt (and the person with whom he had dealt had clearly communicated that the option had been exercised) fails, as a matter of law, to constitute proper diligence.

Defendants' laches argument has been considered and found unavailing.

---

**2.** It is not clear whether Gerstman knew of the dispute regarding the option that was addressed by the rabbinical tribunal. If he did not know, then he had no reason to rely solely on the allegedly fraudulent letter which contradicted his knowledge that the option was exercised. If he did know of the dispute, he would have been obligated to at least inquire about the result and not take at face value the allegedly fraudulent letter.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion for summary judgment granted, and it is declared that the mortgages in favor of defendants CS-Graces, LLC and Tso Family Partnership do not constitute liens against the 60% ownership interest of plaintiff in the subject real property.