▮ Patricia A. Mazzoni et al., Appellants-Respondents, v Village of Seneca Falls, Respondent, and Seneca County Industrial Development Agency et al., Respondents-Appellants. [891 NYS2d 782]—

Memorandum: Plaintiff Patricia A. Mazzoni and plaintiffs Karl B. Elliott and Joanne E. Elliott each commenced an action against defendant Village of Seneca Falls (Village) and defendants Seneca County Industrial Development Agency and Finger Lakes Railway Corp. (collectively, Railroad defendants), and those actions thereafter were consolidated. Mazzoni sought, inter alia, to establish her ownership by adverse possession of certain disputed property in the Village (hereafter, Mazzoni disputed property), the largest parcel of which is "relocated Dey Street." The Elliotts sought, inter alia, to establish their ownership by adverse possession of a portion of property known as "original Dey Street." We note at the outset that four of the issues before us on appeal concern only Mazzoni.

We agree with Mazzoni that Supreme Court erred in determining, as part of its fifth numbered determination, that as a matter of law she had no right to relocated Dey Street "beyond that of the general public." We further conclude, however, that the court properly denied that part of plaintiffs' motion for partial summary judgment on Mazzoni's second cause of action, seeking title to the Mazzoni disputed property by adverse possession. By her own submissions in support of the motion, Mazzoni raised issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Pursuant to RPAPL article 15, Mazzoni has an affirmative duty to demonstrate that title lies with her, and she failed to meet that duty because, as the Village correctly contends, she " 'merely [pointed] to weaknesses in [the Village's] title' " (*Crawford v Town of Huntington*, 299 AD2d 446, 447 [2002], *lv denied* 99 NY2d 507 [2003]). Moreover, under the version of the RPAPL in effect when Mazzoni commenced this action, where the claim of adverse possession is "not based upon a written instrument[, the possessor is required to] show that the parcel was either 'usually cultivated or improved' (RPAPL 522 [1]) or 'protected by a substantial inclosure' (RPAPL 522 [2])" (*Qualben v Aiello*, 53 AD3d 604, 605 [2008]). We again conclude that, by her own submissions, Mazzoni raised an issue of fact concerning her entitlement to partial summary judgment on her adverse possession cause of action based on the "usually cultivated or improved" ground, excluding that portion of the property used and maintained by the Railroad defendants and a subsurface drainage pipe

maintained by the Village (*see generally Frank v Fortuna Energy, Inc.*, 49 AD3d 1294 [2008]).

Contrary to defendants' contention, however, we further conclude that Mazzoni's adverse possession cause of action is not precluded as a matter of law by governmental immunity. With respect to the Village, it has not established as a matter of law what interest, if any, it has in the Mazzoni disputed property, with the exception of the subsurface drainage pipe (*see generally Starner Tree Serv. Co. v City of New Rochelle*, 271 AD2d 681 [2000]). With respect to the Railroad defendants, the doctrine of adverse possession may be used against them to acquire title to property owned by a railroad (*see Harrison v New York Cent. R.R. Co.*, 255 App Div 183, 188 [1938]; *affd* 281 NY 653 [1939]). Thus, based on our discussion herein, we conclude that the court's fifth numbered determination must be vacated insofar as it applies to Mazzoni, and we modify the order accordingly.

In light of our determination that there are issues of fact concerning Mazzoni's ownership of the Mazzoni disputed property, we conclude that the court erred in dismissing her causes of action for nuisance, ejectment, trespass, and despoliation with respect to her alleged adverse possession of the Mazzoni disputed property. We further conclude that on the record before us there are issues of fact with respect to that property concerning her alternative causes of action for a prescriptive easement (*see generally Walsh v Ellis*, 64 AD3d 702, 705 [2009]) and an implied easement (*see generally Monte v DiMarco*, 192 AD2d 1111, 1111-1112 [1993], *lv denied* 82 NY2d 653 [1993]). Thus, the court's seventh numbered determination must be vacated in part, and we further modify the order accordingly.

We agree in part with the Railroad defendants on their cross appeal that the court erred in determining that they "do not have fee title, but merely an easement" over part of original Dey Street. Rather, we conclude on this record that there is an issue of fact whether the Railroad defendants have ownership rights to a portion of original Dey Street. Thus, the last sentence of the court's third numbered determination is vacated, and we further modify the order accordingly.

We have considered the remaining contention of the Railroad defendants concerning their request for costs against the Elliotts and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.