New York Trenchless, Inc., Appellant, v Hallen Construction Co., Inc., Respondent. [918 NYS2d 540]—

Nonparty KeySpan Electric Services, LLC, now known as National Grid (hereinafter National Grid) entered into a contract with the defendant on March 13, 2009, in which the defendant agreed to install approximately 46,000 feet of underground power transmission cable from Bridgehampton to Southampton, on Long Island. The defendant entered into a subcontract (hereinafter the Subcontract) with the plaintiff in which the plaintiff agreed to provide drilling services at four locations along the cable project. The Subcontract contained a clause in which the plaintiff agreed to make no claim for damages incurred as a result of delay in the performance of the contract. The Subcontract also contemplated the possibility of "latent, concealed or subsurface physical conditions." The plaintiff allegedly experienced delays on the project, and submitted a claim for reimbursement, which National Grid denied.

The plaintiff then commenced this action against the defendant, seeking, inter alia, in effect, to recover damages incurred as a result of delay in the performance of the contract. The alleged damages included the sum of $205,402.53 in damages for delays, lost time, and extra work. The defendant moved, inter alia, for summary judgment dismissing that part of the complaint, on the ground that this claim was barred by the exculpatory clause in the Subcontract. In support, it submitted the Subcontract, and the claim the plaintiff filed with National Grid, in which the plaintiff stated that it had followed National Grid's drilling plan. In opposition, the plaintiff submitted the affidavit of its president, who stated that the defendant acted in bad faith by providing the plaintiff with faulty drilling plans. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as, in effect, sought to recover damages incurred as a result of delay in the performance of the contract. We affirm the order insofar as appealed from.

Clauses in construction contracts which bar contractors from recovering damages for delay in the performance of the contract

are generally valid and enforceable (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]; *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 384 [1983]). There are exceptions to this general rule, and a clause which purports to preclude damages for all delays resulting from any cause whatsoever will not be read literally (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d at 309). Thus, even where a contract includes a provision barring damages for delay, "damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d at 309).

Here, the defendant demonstrated, prima facie, that the exculpatory clause should be enforced (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff submitted an affidavit that was conclusory, vague, and contradicted by documentary evidence. Such conclusory allegations are insufficient to raise a triable issue of fact in opposition to a motion for summary judgment (*see McGrath v Parker*, 4 AD3d 457 [2004]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as, in effect, sought to recover damages incurred as a result of delay in the performance of the contract. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.