■ ARGENT MORTGAGE COMPANY, LLC, Respondent, v 35 PLANK ROAD REALTY CORP., Appellant, et al., Defendant. [15 NYS3d 473]—

In an action pursuant to RPAPL article 15 to compel a determination of a claim to real property, the defendant 35 Plank Road Realty Corp. appeals from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated October 23, 2013, which, upon an order of the same court dated July 2, 2013, granting the plaintiff's motion for summary judgment declaring that a copy of a deed dated February 3, 2006, is deemed to be an original for the purpose of recording it with the Richmond County Clerk's Office and dismissing its affirmative defenses, is in favor of the plaintiff and against it dismissing its affirmative defenses and, in effect, making the requested declaration.

Ordered that the judgment is affirmed, with costs.

In 2006, Doud Elder, the vice president of the defendant 35 Plank Road Realty Corp. (hereinafter the seller), and the defendant Lisa Weston (hereinafter the buyer) entered into a contract for the sale of certain real property located on Staten Island. The buyer also executed a mortgage in favor of the plaintiff, Argent Mortgage Company, LLC (hereinafter Argent Mortgage).

In 2008, Argent Mortgage commenced this action pursuant to RPAPL article 15. The complaint alleged that the deed, which had been executed and delivered by the seller to the buyer at the closing, was lost before it could be recorded. Argent Mortgage sought, among other things, a declaration concerning the validity of the lost deed underlying its mortgage. Subsequently, Argent Mortgage moved for summary judgment declaring that a photocopy of the lost deed "be deemed an original for the purpose[] of recording the deed with the Richmond County Clerk's Office" and dismissing the seller's affirmative defenses.

"A lost deed may be established in order to prove title. However, it must be done by clear and certain evidence showing its contents and that the deed was properly executed with all the formalities required by law" (*La Capria v Bonazza*, 153 AD2d 551, 552-553 [1989]; *see Edwards v Noyes*, 65 NY 125, 127 [1875]; *O'Brien v Town of Huntington*, 66 AD3d 160, 166 [2009]). Here, Argent Mortgage established its prima facie entitlement to judgment as a matter of law for the declaratory relief requested by submitting a photocopy of the deed, a photocopy of a certificate of acknowledgment attached to the

deed, and Elder's deposition testimony that he saw the seller's president sign the deed at the closing. In opposition, the seller failed to raise a triable issue of fact as to the contents or due execution of the deed (*see generally ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d 801, 803 [2012]; *New York Trenchless, Inc. v Hallen Constr. Co., Inc.*, 82 AD3d 850, 852 [2011]). Likewise, Argent Mortgage met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law dismissing the seller's affirmative defenses, and the seller failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Grand Pac. Fin. Corp. v 97-111 Hale, LLC*, 123 AD3d 764, 768 [2014]; *Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 794 [2012]).

Accordingly, the Supreme Court properly granted Argent Mortgage's motion for summary judgment for the declaratory relief requested and dismissing the seller's affirmative defenses, and entered judgment accordingly. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.