■ TOWN OF FOWLER, Respondent, v DAVID E. PAROW et al., Appellants. [42 NYS3d 416]—

Rose, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 30, 2015 in St. Lawrence County, which, among other things, granted plaintiff's motion for summary judgment.

Plaintiff commenced this action for declaratory and injunctive relief pursuant to RPAPL article 15 to determine title to a 20-foot-wide strip of land running along the shoreline of Sylvia Lake in the Town of Fowler, St. Lawrence County, in front of two cottage lots, one now owned by defendant Cynthia Carr and the other by defendants Andrew Parow and Shelby Parow. The disputed strip of land consists of a sand beach and adjoins a pubic bathing beach owned and operated by plaintiff. The parties trace the ownership of their properties back to a common grantor, Reuben Cary, who acquired 30 acres of land and subdivided it, as shown on a 1919 survey map, into numbered cottage lots lying along the shoreline. Plaintiff owns cottage lots 30 and 31, where it now operates a public bathing beach, and the Parows and Carr own cottage lots 29 and 28, respectively.

Plaintiff's claim to the disputed strip of land is based upon its interpretation of two lost and unrecorded 1920 deeds whereby Cary conveyed cottage lots 28 and 29 to Carr's and the Parows' predecessors in interest. Plaintiff concedes that these lost and unrecorded deeds conveyed lots 28 and 29, but claims that the deed descriptions contained language excepting and reserving title to the disputed strip of land to Cary. Thus, under plaintiff's theory, Cary retained title to the disputed strip of land and later conveyed it to Charles Force, plaintiff's predecessor in interest, allowing it to ultimately take fee title in 1977 when it purchased five parcels of land from Glen VanValkenburg and Mildred VanValkenburg, successors in interest to Force. The VanValkenburg deed to plaintiff included "parcel II," which encompassed cottage lots 30 and 31, as well as "parcel IV," which purported to include the disputed strip of land along the shoreline in front of lots 28 and 29.

In their answer, defendants allege that plaintiff does not have title to the disputed strip of land and, even if it does, the Parows and Carr have a prescriptive easement based on their long-standing use of the beach for boat dockage and other purposes. Following discovery, plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint or for a declaration that they have a prescriptive easement. Supreme Court ultimately granted

plaintiff's motion, finding that plaintiff has superior title to the disputed strip of land based on its 1977 deed from the VanValkenburgs. In addition, Supreme Court found that issues of fact exist as to whether the Parows and Carr have a prescriptive easement and, thus, denied defendants' motion. This appeal by defendants ensued.

"In an action to determine title pursuant to RPAPL article 15, the plaintiff has an affirmative duty to show that title lies in it, which is not satisfied merely by pointing to weaknesses in [the] defendants' title" (*Crawford v Town of Huntington*, 299 AD2d 446, 447 [2002] [internal quotation marks and citations omitted], *lv denied* 99 NY2d 507 [2003]; *see Mazzoni v Village of Seneca Falls*, 68 AD3d 1805, 1806 [2009]). While "[t]he failure to record a deed does not deprive a person of the opportunity to assert a claim of legal title to property [and a] lost deed may be established in order to prove title" (*La Capria v Bonazza*, 153 AD2d 551, 552-553 [1989] [citations omitted]; *see Argent Mtge. Co., LLC v 35 Plank Rd. Realty Corp.*, 131 AD3d 909, 909 [2015]; 4-37 Warren's Weed, New York Real Property § 37.114 [2015]), "title by a lost deed must be proved by clear and certain evidence" (*O'Brien v Town of Huntington*, 66 AD3d 160, 166 [2009], *lv dismissed* 14 NY3d 935 [2010], *lv denied* 21 NY3d 860 [2013]; *see Edwards v Noyes*, 65 NY 125, 127 [1875]; *People v Helinski*, 222 AD2d 788, 790 [1995]). Thus, it is incumbent upon plaintiff, as the proponent of the summary judgment motion and the party with the affirmative duty to establish its title or interest, to eliminate all issues of fact regarding whether the language at issue was included in the 1920 deeds and, if so, Cary's intent in doing so.

In support of its motion, plaintiff offered evidence of the language found in the initial conveyances of other shoreline cottage lots from Cary, which provided that he was "[e]xcepting and [r]eserving . . . a strip of land twenty feet (20) wide from the southerly end of [the] lot along the shore of the lake for bathing purposes" (emphasis omitted). Plaintiff's abstract of title notes that this same language was used by Cary in his 1920 deeds conveying lots 28 and 29 to Wallace Streeter and Virgil Campbell. We note that, although these deeds are lost and unrecorded, the parties do not dispute that they existed and that they conveyed lots 28 and 29.[1] Further, the subsequent conveyance from Streeter and Campbell to Agnes West in 1922

---

1. We are unpersuaded by defendants' contention that Real Property Law § 291 voids the unrecorded 1920 deeds as against them. Their interest in the disputed strip of land is clearly derived from those deeds and not from a separate, subsequently recorded deed (*compare Bauer v CS-Graces, LLC*, 48

was recorded. A review of the 1922 deed establishes that it excepts and reserves the same disputed strip of land using the same language and concludes by stating that the land conveyed is "the same premises conveyed" to Streeter and Campbell by Cary. Whether this evidence satisfied plaintiff's burden of offering clear and certain proof of the relevant language of the lost and unrecorded 1920 deeds as a matter of law is a question that was neither squarely presented to, nor considered by, Supreme Court.

In any event, even if we were to find that plaintiff established that the 1920 deeds contained the relevant language, which defendants do not concede, we would still conclude that questions of fact exist because the excepting and reserving language "is susceptible to more than one reasonable interpretation" and, therefore, summary judgment is not appropriate (*Schrade v CRDN Props.*, 303 AD2d 890, 891 [2003]). In this regard, we note that "a deed must be construed according to the intent of the parties and, further, that a court is to give effect and meaning, to the degree possible, to each and every phrase or part of the deed" (*Carter v Heitzman*, 198 AD2d 649, 649-650 [1993], *lv denied* 83 NY2d 751 [1994]; *see* Real Property Law § 240 [3]). "If there is ambiguity in the deed language, the exception or reservation is to be construed most favorably to the grantee" (*Heim v Conroy*, 211 AD2d 868, 870 [1995]; *see Carter v Heitzman*, 198 AD2d at 650), and extrinsic evidence may be considered to clarify the ambiguity (*see Jankoski v Lake Forest Acres Homeowners, Inc.*, 107 AD3d 1367, 1368 [2013]; *Rivera v Bruzzese*, 93 AD3d 1124, 1126 [2012]). Here, the relevant language is susceptible to more than one reasonable interpretation, as it is unclear whether Cary intended to convey lots 28 and 29 without the disputed strip of land, as plaintiff claims. Thus, we must conclude that plaintiff has not met its affirmative burden of establishing its title or interest in the disputed strip and that Supreme Court erred in determining that plaintiff was entitled to summary judgment.[2]

Peters, P.J., Garry, Egan Jr. and Mulvey, JJ., concur. Ordered

AD3d 922, 923-924 [2008], *lv denied* 10 NY3d 712 [2008]). Moreover, plaintiff relies upon the unrecorded deeds only to show that title to the disputed strip was retained—not conveyed—by Cary when he conveyed lots 28 and 29 to Streeter and Campbell.

2. In reaching this conclusion, we reject plaintiff's assertion that Supreme Court properly limited its inquiry to whether the 1977 VanValkenburg deed conveyed title to the disputed strip of land. Although the VanValkenburgs purported to convey fee title to plaintiff in 1977, they could not convey a greater interest than they possessed (*see* Real Property Law § 245; *City of Kingston v Knaust*, 287 AD2d 57, 60 [2001]).

that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment and declared that plaintiff has title to the disputed strip of land; said motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.