■ COUNTRYWIDE HOME LOANS, INC., Respondent, v DBR HOLDINGS, LLC, et al., Defendants, and DONOVAN B. RHODEN, Appellant. [53 NYS3d 219]—

Lynch, J. Appeal from an order of the Supreme Court (McDonough, J.), entered December 10, 2014 in Albany County, which, among other things, denied certain defendants' motion to set aside a foreclosure sale.

In July 2007, plaintiff commenced this mortgage foreclosure action alleging that defendant Donovan B. Rhoden and defendant Alicia Kratt defaulted on a note secured by a mortgage on their residence located in Albany County. When Rhoden and Kratt defaulted in answering, Supreme Court appointed a referee and, on June 3, 2008, granted plaintiff a judgment of foreclosure and sale. In July 2013, plaintiff moved to ratify and confirm the judgment in response to Administrative Order AO/548/10 of the Chief Administrative Judge of the Courts, as amended by Administrative Order AO/431/11 (see CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1095 n 2 [2016]; Wells Fargo Bank, N.A. v Pabon, 138 AD3d 1217, 1217-1218 [2016]).* Rhoden, Kratt and defendant DBR Holdings, LLC opposed the motion and cross-moved to vacate the judgment pursuant to CPLR 5015. In November 2013, Supreme Court (Teresi, J.) denied both motions, finding that Rhoden and Kratt failed to provide a reasonable excuse for their default and that plaintiff's application failed to comply with the Administrative Order. Neither party appealed this order.

Notwithstanding Supreme Court's order, plaintiff proceeded with a foreclosure sale on April 11, 2014. Contending that they had not received notice of the sale, Rhoden, Kratt and DBR Holdings moved to vacate the sale and for a hearing on damages, acknowledging that the court "held [them] to a default on

---

* In an instance, as here, where a judgment had been entered but the foreclosure sale had yet to occur prior to the October 20, 2010 effective date of the Administrative Order, plaintiff's counsel was required to file an affirmation with the court, with service on the referee, compliant with the Administrative Order. Specifically, that order required counsel to confirm the factual accuracy of the underlying pleadings, as well as the notarizations contained in the supporting documents (see U.S. Bank N.A. v Eaddy, 109 AD3d 908, 909 [2013]). Since plaintiff was unable to validate the notarization of the original affidavit of merit and also sought to increase the amount due by approximately $64,000, a motion to ratify was necessary to proceed with the sale.

the merits." Supreme Court (McDonough, J.) denied the motion, holding that plaintiff had complied with the applicable Administrative Order. Only Rhoden now appeals.

We affirm, albeit for different reasons. We conclude that Rhoden lacks standing to pursue this appeal. Plaintiff has represented, without contradiction, that Rhoden deeded the property to DBR Holdings in 2005 and, thus, no longer holds an ownership interest. Plaintiff also represents, without contradiction, that Rhoden has obtained a discharge in bankruptcy with respect to any personal liability on the underlying debt—rendering his request for a hearing on damages academic. As such, the order is affirmed.

Peters, P.J., Rose, Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.

