██ PAUL HERBOLD, Appellant, v LAWRENCE LABARRE JR., Respondent. [59 NYS3d 201]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Ellis, J.), entered April 2, 2016 in Clinton County, which, among other things, denied plaintiff's motion for partial summary judgment.

The property dispute in this case involves conflicting claims between two neighboring property owners to title of an approximately 20-acre parcel of unimproved land (hereinafter the disputed parcel) located in the Town of Saranac, Clinton County. Pursuant to RPAPL 861, plaintiff commenced the instant action alleging that defendant unlawfully cut down approximately 200 trees on his property. In January 2015, Supreme Court granted plaintiff leave to serve and file an amended complaint. In his amended complaint, plaintiff added causes of action to quiet title, for ejectment and for intentional trespass and increased the number of trees alleged to have been unlawfully cut to 700. Thereafter, plaintiff moved for partial summary judgment on his causes of action to quiet title, ejectment and trespass—limited to the issue of liability— and defendant cross-moved for summary judgment dismissing plaintiff's cause of action to quiet title. Finding material issues of fact, Supreme Court denied both parties' motions for summary judgment. Plaintiff now appeals, and we affirm.

"In an action to determine title pursuant to RPAPL article 15, the plaintiff has an affirmative duty to show that title lies in [him or her], which is not satisfied merely by pointing to weaknesses in [a] defendant['s] title" (*Town of Fowler v Parow*, 144 AD3d 1444, 1446 [2016] [internal quotation marks and citations omitted]). Legal title can be established despite the failure to record a deed, but title by lost deed requires clear and certain evidence (*see id.* at 1446; *O'Brien v Town of Huntington*, 66 AD3d 160, 166 [2009], *appeal dismissed and lv dismissed* 14 NY3d 935 [2010], *lv denied* 21 NY3d 860 [2013]).

Plaintiff's proof on his motion addressed his own alleged chain of title in comparison to defendant's purported chain of title. More specifically, plaintiff offered an affidavit from Stacey Allot, a licensed land surveyor, who addressed defendant's contention that the disputed parcel was contained in a chain of

title leading back to a recorded deed transferring property from Louisa Terrier to Nora St. Louis in 1905. Allot explained that there is no record of a deed to Terrier for the 20-acre parcel that she thereafter deeded to St. Louis, and, in any event, defendant's contention as to the location of the 20-acre parcel described in the deed to St. Louis as being at the disputed parcel does not conform with the bounds described in that deed. Moreover, Allot described her findings that "[t]he lands in the west one half of Great Lot 17"—where the disputed parcel is located—"were conveyed to Chateaugay Ore & Iron Co[mpany] . . . in 1881, . . . held by [it] until 1943, and that title subsequently passe[d] on to [plaintiff]." Accordingly, plaintiff met his prima facie burden of establishing his title to the disputed parcel.

Defendant's submissions raised material issues of fact. Those submissions included the affidavit of John E. McIntosh Jr., a licensed land surveyor, who had created the 2009 survey that indicated that the disputed parcel was owned by defendant. McIntosh opined that, in 1902 and by an unrecorded and lost deed, Terrier came into possession of the disputed parcel by virtue of a transfer from the Chateauguay Railroad Company in exchange for a .9-acre parcel that Terrier transferred to it and that it needed to access other property that it owned. McIntosh supported this conclusion with references to, among other things, two historical maps, one created no later than 1912 and one filed in 1944, that described the Chateauguay Railroad Company as transferring 20 acres to Terrier. McIntosh explained that the adjoiner and bounds described in the 1905 deed transferred from Terrier to St. Louis placed the 20-acre parcel at the location of the disputed parcel. McIntosh further described an unbroken chain of title to the disputed parcel from Terrier to defendant.

Considering the foregoing and the remaining evidence submitted on the motions, material issues of fact rendered summary judgment improper for either party. Viewed in the light most favorable to defendant, his submissions raised material issues of fact as to whether he could establish chain of title by lost deed, and therefore plaintiff's motion was properly denied. To the extent that defendant asks us to search the record and grant him summary judgment (*see* CPLR 3212 [b]; *Peter Scalamandre & Sons, Inc. v State of New York*, 65 AD3d 774, 777 [2009]), defendant's reliance on historical maps was not sufficient to establish, as matter of law, chain of title dependent on a lost deed. Even if this were not the case, the parties submitted competing expert opinions as to ambiguous deed

descriptions and ultimately disagreed as to whether the 20-acre parcel described in the 1905 deed was located at the disputed parcel. Accordingly, Supreme Court properly denied the parties' motions (*see Town of Fowler v Parow*, 144 AD3d at 1447; *Welch v Prevost Landowners*, 202 AD2d 803, 804 [1994]). The parties' remaining contentions have been considered and are found to be without merit.

Egan Jr., Lynch, Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.