Herbold v Labarre (2019 NY Slip Op 07660)





Herbold v Labarre


2019 NY Slip Op 07660


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527353

[*1]Paul Herbold III, Appellant,
v
Lawrence Labarre Jr., Respondent.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Schneider & Palcsik, Plattsburgh (Mark Schneider of counsel), for appellant.
Fischer, Bessette, Muldowney & McArdle, LLP, Malone (Robert R. Lawyer III of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Ellis, J.), entered August 9, 2019 in Clinton County, upon the dismissal of the complaint at the close of plaintiff's case.
Plaintiff commenced the instant action in 2009 pursuant to RPAPL 861, alleging that defendant unlawfully cut and removed approximately 200 trees from his property. In 2015, plaintiff amended his complaint to add causes of action to quiet title, for ejectment and for trespass and increased the number of trees alleged to have been cut to 700. Thereafter, plaintiff moved for partial summary judgment on the quiet title, ejectment and trespass claims, and defendant cross-moved for summary judgment dismissing plaintiff's cause of action to quiet title. Supreme Court denied both parties' motions for summary judgment without determining which party owned the disputed property. Plaintiff appealed, and this Court affirmed (152 AD3d 1028 [2017]).
Prior to trial, plaintiff made a motion in limine arguing that this Court's determination that he had met his initial burden on his summary judgment motion of making a prima facie showing that he owned the disputed property constituted the law of the case, thereby relieving him of the burden of proving title at trial. Supreme Court denied plaintiff's motion and the matter proceeded to trial before a jury. After the close of plaintiff's case, the court granted defendant's motion for a trial order of dismissal. Plaintiff appeals.
We affirm. "A trial order of dismissal is properly granted when, viewing the evidence in the light most favorable to the nonmoving party and affording such party the benefit of every inference, there is no rational process by which the trier of fact could find in favor of the nonmovant" (O'Connor v Shultz, 166 AD3d 1104, 1104 [2018] [citations omitted]; see CPLR 4401). "In an action to determine title pursuant to RPAPL article 15, the plaintiff has an affirmative duty to show that title lies in [him or her], which is not satisfied merely by pointing to weaknesses in defendant['s] title" (Crawford v Town of Huntington, 299 AD2d 446, 447 [2002] [internal quotation marks and citations omitted], lv denied 99 NY2d 507 [2003]; accord Town of Fowler v Parow, 144 AD3d 1444, 1446 [2016]). To establish title, a plaintiff is also required to prove the location of the area claimed with common certainty (see RPAPL 1515 [2]; O'Brien v Town of Huntington, 66 AD3d 160, 165 [2009], lv dismissed 14 NY3d 935 [2010], lv denied 21 NY3d 860 [2013]). Plaintiff had the same affirmative duty of establishing title to the disputed property as an element of each of the remaining three causes of action (see City of Albany v Normanskill Cr., LLC, 165 AD3d 1437, 1439 [2018] [trespass]; Green v Curbeau, 53 AD3d 867, 869 [2008] [RPAPL 861]; Walling v Przybylo, 24 AD3d 1, 3 [2005], affd 7 NY3d 228 [2006] [ejectment]).
Plaintiff submitted proof of a chain of title showing that he owned land located in the Town of Saranac, in Township Number 4 of the Old Military Tract described as "[a] parcel of land in the west one-half (W 1/2 ) of Lot 17." Plaintiff did not submit either a specific metes and bounds description or survey of this property. The only expert opinion submitted by plaintiff was the testimony of Stacey Allot, a licensed land surveyor, who testified that the boundary between plaintiff's and defendant's properties is the "Great Lot Line between Lot[s] 17 and 24." However, she prepared no survey of plaintiff's property and testified that she was unable to determine the location of the boundary between the parties' respective properties. Indeed, she opined that it was impossible for anyone to determine, with certainty, the location of the line between Great Lots 17 and 24. Plaintiff's proof, which lacked a survey map or the opinion of a qualified expert fixing the location of his property, was insufficient to establish ownership of the area where the trees were cut and removed (see Champlain Gas & Oil, LLC v People, 148 AD3d 1260, 1262-1263 [2017]; Bergstrom v McChesney, 92 AD3d 1125, 1126-1128 [2012]; City of Binghamton v T & K Communications Sys., 290 AD2d 797, 799 [2002], lv dismissed 98 NY2d 685 [2002]; Lobdell v Smith, 261 AD2d 675, 676-677 [1999]). Accordingly, Supreme Court properly granted defendant's motion for a trial order of dismissal. Plaintiff's remaining claims have been examined and are either academic or lack merit.
Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.