Federal Natl. Mtge. Assn. v Syversen (2020 NY Slip Op 01534)





Federal Natl. Mtge. Assn. v Syversen


2020 NY Slip Op 01534


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

527447

[*1]Federal National Mortgage Association, Respondent,
v
Robert Syversen et al., Appellants, et al., Defendants.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Robert Syverson and Vicki Syversen, DPO AA, appellantspro se.
Goldberg Segalla LLP, Buffalo (Marc W. Brown of counsel), for respondent.



Per Curiam.
Appeals (1) from an order of the Supreme Court (Mackey, J.), entered December 28, 2017 in Albany County, which denied a motion by defendants Robert Syversen and Vicki Syversen for dismissal of the complaint against them, and (2) from an order of said court, entered April 13, 2018 in Albany County, which granted plaintiff's motion for summary judgment.
In 2008, as part of a mortgage foreclosure action commenced by Countrywide Home Loans, Inc. against DBR Holdings, LLC, Donovan B. Rhoden, Alicia Kratt and others, Supreme Court (Teresi, J.) entered a default judgment of foreclosure and sale directing, among other things, that certain residential real property located in Albany County be sold at public auction. In 2013, in response to Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts, Countrywide moved to ratify and confirm the judgment of foreclosure and sale. Rhoden and Kratt opposed the motion and cross-moved to vacate the judgment of foreclosure and sale (see CPLR 5015). By order entered in November 2013, Supreme Court denied both motions.[FN1] Countrywide thereafter proceeded with a foreclosure sale, and the property was ultimately purchased by plaintiff in April 2014 for $216,000. The resulting referee's deed was recorded in June 2014.
In May 2014, DBR Holdings, Rhoden and Kratt moved to vacate the foreclosure sale, arguing that Countrywide had failed to comply with the applicable Administrative Orders. By order entered in December 2014, Supreme Court (McDonough, J.) denied the motion, finding that Countrywide had complied with the Administrative Orders. Rhoden subsequently appealed from the December 2014 order, and this Court ultimately affirmed, albeit on different grounds (Countrywide Home Loans, Inc. v DBR Holdings, LLC, 149 AD3d 1360, 1360-1361 [2017]).
In March 2015, despite their knowledge of the 2014 foreclosure sale, Kratt and DBR Holdings executed a quitclaim deed purporting to convey the property to Rhoden for the sum of $10. Thereafter, in August 2016, Rhoden executed a quitclaim deed purporting to convey the property to "Robert Rustad Syversen, Estate" for nominal consideration.[FN2] Based upon this ostensible conveyance, defendants Robert Syversen and Vicki Syversen (hereinafter collectively referred to as defendants) moved into the property with their children.
In September 2017, after learning that defendants had taken possession of the property, plaintiff commenced this RPAPL article 15 action to, among other things, quiet title to the property. Without answering, defendants moved — pro se — for dismissal of the complaint. By a December 2017 order, Supreme Court (Mackey, J.) denied the motion. Defendants then answered and asserted various affirmative defenses and a counterclaim for failure to state a claim. Plaintiff subsequently moved for summary judgment quieting title to the subject property. In April 2018, Supreme Court granted plaintiff's motion for summary judgement and dismissed defendants' affirmative defenses and counterclaim. Defendants appeal from both the December 2017 order and the April 2018 order.
Initially, defendants' appeal from the nonfinal December 2017 order must be dismissed, inasmuch as defendants' right to appeal therefrom terminated upon entry of the final April 2018 order granting summary judgment to plaintiff (see US Bank Trust, N.A. v Lynch, 168 AD3d 1242, 1243 [2019]; Augusta v Kwortnik, 161 AD3d 1401, 1403 [2018]). Although defendants' appeal from the April 2018 final order brings the December 2017 order up for review (see CPLR 5501 [a] [1]), defendants have affirmatively abandoned their appeal from the December 2017 order and, thus, have abandoned any arguments that could have been made with respect to that order (see GM Broadcasting, Inc. v Cornelius Enters., LLC, 156 AD3d 1038, 1039 [2017]).
Turning to the merits, to establish its entitlement to summary judgment, plaintiff bore the burden of demonstrating that it holds title to the property (see Town of Fowler v Parow, 144 AD3d 1444, 1446 [2016]; White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074 [2016]). To that end, plaintiff submitted the 2008 judgment of foreclosure and sale directing that the property be sold at public auction, the November 2013 order denying Rhoden and Kratt's motion to vacate the judgment of foreclosure and sale, the April 2014 referee's deed conveying title to the property to plaintiff (recorded in June 2014), the December 2014 order denying Rhoden and DBR Holdings' motion to vacate the foreclosure sale, this Court's decision affirming the December 2014 order (Country Wide Home Loans, Inc. v DBR Holdings, LLC, 149 AD3d 1360 [2017], supra), and the March 2015 and August 2016 quitclaim deeds. Together, these submissions demonstrated that plaintiff holds valid title to the property and, thus, satisfied plaintiff's burden of demonstrating a prima facie case of entitlement to judgment as a matter of law (see Herbold v LaBarre, 152 AD3d 1028, 1028-1029 [2017]; Bergstrom v McChesney, 92 AD3d 1125, 1126 [2012]).
In opposition, defendants failed to satisfy their burden of raising a triable issue of fact precluding summary judgment (see Bergstrom v McChesney, 92 AD3d at 1126). Defendants argued that the 2014 referee's deed was invalid as a result of procedural flaws in the foreclosure sale. However, the 2014 referee's deed had already been unsuccessfully challenged on this ground in the context of the prior foreclosure action and, thus, defendants were precluded from relitigating that issue in this action (see Buechel v Bain, 97 NY2d 295, 304-305 [2001], cert denied 535 US 1096 [2002]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349-350 [1999]). Accordingly, as plaintiff established that it holds title to the property by virtue of the valid 2014 referee's deed and that, therefore, the grantors in the 2015 and 2016 quitclaim deeds had no interest in the property to convey, Supreme Court properly determined that plaintiff was entitled to summary judgment quieting title to the property (see 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005 [2018]; Bergstrom v McChesney, 92 AD3d at 1126-1128).
To the extent that we have not expressly addressed any of defendants' arguments, they have been reviewed and found to be without merit.
Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal from the order entered December 28, 2017 is dismissed, without costs.
ORDERED that the order entered April 13, 2018 is affirmed, without costs.



Footnotes

Footnote 1: No party appealed from the November 2013 order.

Footnote 2: The quitclaim deed indicates that $10 was paid as consideration for the conveyance. However, the recording page accompanying the quitclaim deed reflects a purchase price of $500.